

#568 375

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---

**INNOVATION VENTURES, LLC.**
**d/b/a LIVING ESSENTIALS, LTD.,**
a Michigan limited liability company,

       *Plaintiff,*

vs.

**N2G DISTRIBUTING, INC.**
a California corporation, and

**ALPHA PERFORMANCE LABS**
a Nevada corporation

       *Defendants.*

Case: 2:08-cv-10983
Judge: Borman, Paul D
Referral MJ: Hluchaniuk, Michael J.
Filed: 03-07-2008 At 12:08 PM
CMP INNOVATION VENTURES V. N2G DIST
(DA)

*__JURY TRIAL DEMANDED__*

---

MARK A. CANTOR    (P32661)
MARC LORELLI    (P63156)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400

    *Attorneys for Plaintiff*

---



# COMPLAINT AND JURY DEMAND

Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials, does hereby allege for its Complaint against the Defendants as follows:

## I. <u>THE PARTIES AND JURISDICTION</u>

1.      Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials (hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 46570 Humboldt Drive, Novi, Michigan 48377.

2.      On information and belief, Defendant, N2G Distributing, Inc., is a California corporation, having its principal place of business at 8020 Palm Avenue, Suite D, Highland, California 92346.

3.      On information and belief, Defendant Alpha Performance Labs, is a Nevada corporation, having its principal place of business at 5448 Painted Gorge Drive, Las Vegas, Nevada 89149.

4.      Defendants distribute, offer for sale and sell the accused supplements as described herein (see paragraphs 21 and 32) in the United States, in the State of Michigan and this District.

5.      This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §1331 and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.



-1-

6.    This Court has personal jurisdiction over the Defendants because the Defendants are conducting business in the State of Michigan and this District as alleged above, and are committing acts of infringement in this District.  To the extent not already established on the record in hand, the factual contentions of paragraph 4 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.



## II. FACTUAL BACKGROUND

### A.    Living Essentials and Its Asserted Trademark and Trade Dress

7.    Living Essentials is a national marketer and distributor of nutritional and dietary supplements sold under its many trademarks.

8.    Living Essentials is the current owner of the 5 HOUR ENERGY® trademark used by Living Essentials since at least 2005 as a trademark for use with the 5 HOUR ENERGY® supplement.

9.    The 5 HOUR ENERGY® trademark was duly and lawfully registered and is currently registered on the Supplemental Register of the United States Patent and Trademark Office on September 27, 2005 as U.S. Registration No. 3,003,077 ("the '077 registration"). A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit A.

10.    Living Essentials has used the 5 HOUR ENERGY® trademark of the '077 registration as its trademark continuously since at least 2005 to the present.

11.    The 5 HOUR ENERGY® Trademark symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

12.    Living Essentials is the current owner of the 5 HOUR ENERGY® Packaging Trade Dress used since at least 2005 by Living Essentials as packaging for its 5 HOUR ENERGY® product.



-3-

13.    The 5 HOUR ENERGY® Packaging Trade Dress consists of the packaging illustrated below:



14.    The 5 HOUR ENERGY® Packaging Trade Dress is arbitrary, non-functional, and distinctive.

15.    The 5 HOUR ENERGY® Packaging Trade Dress has been extensively and continuously used by Living Essentials since at least 2005, is inherently distinctive, and has become distinctive through the acquisition of "secondary meaning."

16.    The 5 HOUR ENERGY® Packaging Trade Dress symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

17.    Since 2005, long prior to the acts of the Defendants herein alleged, Living Essentials and its authorized distributors, dealers, and licensees have used the 5 HOUR ENERGY® Trademark and Packaging Trade Dress alone or in combination, or in connection

with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale throughout the world, including the United States and this District. These products and services are hereinafter collectively referred to as the "5 HOUR ENERGY® Products and Services".

18.     Sales, advertising and promotion of the 5 HOUR ENERGY® Products and Services since 2005 have amounted to well over $100 million dollars.

19.     As a result of such continuous use and extensive sales, advertising and promotion of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress by Living Essentials, its authorized dealers, licensees, and distributors throughout the world, the marks and products associated with the 5 HOUR ENERGY® Trademark and Packaging Trade Dress enjoy worldwide recognition and a world famous reputation, and are recognized by the public as emanating from Living Essentials.

20.     The 5 HOUR ENERGY® Trademark and Packaging Trade Dress are famous marks and represent property of great value and goodwill to Living Essentials.

**B.**     **Defendant's Activities**

21.     Subsequent to Living Essentials' use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress as above alleged, and with actual knowledge of Living Essentials' use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, and counterfeits thereof, and with the intent to misrepresent the source of Defendants' goods, Defendants copied, adopted and are using the 5 HOUR ENERGY®Trademark and Packaging



Trade Dress in connection with the advertising, offering for sale and sale of supplements in the United States, in the State of Michigan, and this District.   A photograph of Defendants' packaging is illustrated below:



22.     Defendants have no consent, license, approval or other authorization to use the 5 HOUR ENERGY® Trademark and Packaging Trade Dress in connection with their products.

23.     Defendants' use of the famous 5 HOUR ENERGY®Trademark and Packaging Trade Dress as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendants to misrepresent the source of Defendants' goods so as to cause confusion, mistake or to deceive as to Defendants' connection or association with Living Essentials.



-6-

### III.  COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### AND COUNTERFEITING UNDER 15 U.S.C. § 1114

24.     The allegations of paragraphs 1-23 are incorporated herein by reference.

25.     Living Essentials demands that Defendants refrain from the use of the 5 HOUR ENERGY® Trademark and counterfeits of the 5 HOUR ENERGY® Trademark as described above. Despite Living Essentials' well known prior rights in the 5 HOUR ENERGY® Trademark, Defendants have, without the consent of Living Essentials, used and continue to use in commerce, the 5 HOUR ENERGY® Trademark, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the sale, offering for sale, distribution, and advertising of the Defendants' products and services.

26.     Defendants' actions constitute willful infringement of Living Essentials' exclusive rights in the 5 HOUR ENERGY® Trademark in violation of 15 U.S.C. § 1114.

27.     Defendants' use of the 5 HOUR ENERGY® Trademark, counterfeits, copies, reproductions, or colorable imitations thereof has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of Defendants' products and services.  Defendants have used counterfeits of the 5 HOUR ENERGY® Trademark in connection with its products and services with the knowledge that the marks are counterfeit and with the intent to use counterfeits.  Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).



28.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress and our reputation in the industry.  Unless Defendants are restrained from further infringement of the 5 HOUR ENERGY®  Trademark, Living Essentials will continue to be irreparably harmed.

29.     Living Essentials has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

30.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered damages to the valuable 5 HOUR ENERGY® Trademark, and other damages in an amount to be proved at trial.



## IV.  COUNT II
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP,
## FALSE ADVERTISING, AND TRADE DRESS
## <u>INFRINGEMENT UNDER 15 U.S.C. § 1125(a)</u>

31.     The allegations of paragraphs 1-30 are incorporated herein by reference.

32.     Defendants have knowingly used and continue to use in commerce the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that the Defendants manufacture, advertise, promote, and sell.  Defendants have used counterfeits of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress knowing that the marks used are counterfeits and with the intent to use counterfeits of the 5 HOUR ENERGY®Trademark and Packaging Trade Dress.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).  Plaintiff's 5 HOUR ENERGY® Trademark and Packaging Trade Dress is infringed as demonstrated below.



**LIVING ESSENTIALS**                    **DEFENDANTS**











-10-

33.     Defendants' use of the 5 HOUR ENERGY® Trademark and 5 HOUR ENERGY® Packaging Trade Dress alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' products and services, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that the Defendants are in some way affiliated with Living Essentials or with the 5 HOUR ENERGY® brand.

34.     Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

35.     By reason of Defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress. Unless Defendants are restrained from their actions, Living Essentials will continue to be irreparably harmed.

36.     Living Essentials has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

37.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered damages to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress, and other damages in an amount to be proved at trial.



## V.  COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

38.     The allegations of paragraphs 1-37 are incorporated herein by reference.

39.     Living Essentials and its predecessors were the first to use the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or any mark similar thereto in association with the sale of any product and service.  As a result of the continued sale by Living Essentials and its predecessors of 5 HOUR ENERGY® Products and Services bearing the 5 HOUR ENERGY® Trademark and Packaging Trade Dress since approximately 2005, the 5 HOUR ENERGY® Trademark and Packaging Trade Dress have become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the 5 HOUR ENERGY® Trademark and Packaging Trade Dress are applied.

40.     As a result of the experience, care, and service of Living Essentials and its predecessors in producing 5 HOUR ENERGY® Products and Services, 5 HOUR ENERGY® Products and Services have become widely known and have acquired a worldwide reputation for quality, durability, and performance.  Moreover, the 5 HOUR ENERGY® Trademark and Packaging Trade Dress have become associated with 5 HOUR ENERGY® Products and Services, and have come to symbolize the reputation for quality and excellence of 5 HOUR ENERGY® Products and Services.  As such, the 5 HOUR ENERGY®Trademark and Packaging Trade Dress have become distinctive.



-12-

41.     Defendants, with knowledge of and with intentional disregard of Living Essentials' rights, continue to advertise, promote, and sell products and services using the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or counterfeits and confusing imitations thereof. Such acts by the Defendants have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products and services.

42.     Defendants' acts constitute willful infringement of Living Essentials exclusive rights in the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, in violation of the common law. By reason of Defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress. Unless Defendants are restrained from further infringement of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, Living Essentials will continue to suffer irreparable harm.

43.     Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if Defendants' conduct is allowed to continue.

44.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered damages to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress, and other damages in an amount to be proved at trial.



## VII.  <u>DEMAND FOR RELIEF</u>

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the Defendants as follows:

A.      A determination that Defendants have willfully and deliberately violated 15 U.S.C. § 1114, that Living Essentials has been damaged by such violation, and that the Defendants are liable to Living Essentials for such violation;

B.      A determination that the Defendants have violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the Defendants are liable to Living Essentials for such violations;

C.      A determination that the Defendants have committed common law trademark infringement, that Living Essentials has been damaged by such infringement, and that Defendants are liable to Living Essentials for common law trademark infringement;

E.      A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

F.      Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)      imitating, copying, or making any unauthorized use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress;



-14-

(2)      importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5 HOUR ENERGY® Trademark and Packaging Trade Dress;

(3)      using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(4)      using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5 HOUR ENERGY® Trademark and Packaging Trade Dress) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated or connected with Living Essentials, the 5 HOUR ENERGY® brand, or the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, or is sold, manufactured, licensed, sponsored, approved or authorized by Living Essentials.

G.      For an order directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;



-15-

H.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Living Essentials or related in any way to 5 HOUR ENERGY® Products and Services;

I.    For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

J.    An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Living Essentials' intellectual property, including all manufacturing, distribution, and sales of products bearing the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, as well as the Defendants' compliance with the orders of this Court;

K.    For an award of Living Essentials' costs and disbursements incurred in this action, including Living Essentials' reasonable attorney's fees;



L.    For an award of Living Essentials' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

M.     For an award of Living Essentials' damages arising out of Defendants' acts;

N.     For an order requiring Defendants to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by Defendants through the use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress and any counterfeits thereof;

O.     For an award of interest, including pre-judgment interest on the foregoing sums;

P.     For such other and further relief as the Court may deem just and appropriate.



## VII.  DEMAND FOR JURY

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

**MARK A. CANTOR**          **(P32661)**
**MARC LORELLI**            **(P63156)**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400
Email: mcantor@brookskushman.com
        mlorelli@brookskushman.com

*Attorneys for Plaintiff*

Dated: March 7, 2008



-18-



Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

**United States Patent and Trademark Office**

Reg. No. 3,003,077
Registered Sep. 27, 2005

**TRADEMARK**
**SUPPLEMENTAL REGISTER**

# 5 HOUR ENERGY

INNOVATION VENTURES LLC (MICHIGAN LTD LIAB CO), DBA LIVING ESSENTIALS, 3141 OLD FARM LANE
WALLED LAKE, MI 48390

FOR: HOMEOPATHIC SUPPLEMENTS, PHARMACEUTICAL PREPARATIONS, NUTRITIONAL SUPPLEMENTS AND DIETARY SUPPLEMENTS THAT RELIEVE OR PREVENT FATIGUE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-2005; IN COMMERCE 6-0-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-434,496, FILED P.R. 6-14-2004; AM. S.R. 7-19-2005.

MARK T. MULLEN, EXAMINING ATTORNEY

JS 44
(REV. 12/96)

# CIVIL COVER SHEET

## COUNTY IN WHICH ACTION AROSE ___OAKLAND___

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

INNOVATION VENTURES, LLC.
d/b/a LIVING ESSENTIALS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS

N2G DISTRIBUTING, INC.

ALPHA PERFORMANCE LABS

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MARK A. CANTOR, MARC LORELLI
BROOKS KUSHMAN P.C.
1000 Town Center, 22ⁿᵈ Floor
Southfield, Michigan 48075
(248) 358-4400

Case: 2:08-cv-10983
Judge: Borman, Paul D
Referral MJ: Hluchaniuk, Michael J.
Filed: 03-07-2008 At 12:08 PM
CMP INNOVATION VENTURES V. N2G DIST
(DA)

### II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S Government
Defendant

■ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

■ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

### V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ■ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Trademark and Trade Dress Infringement - 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ■ YES   ☐ NO

### VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   3/7/08

SIGNATURE OF ATTORNEY OF RECORD
MARC LORELLI

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 3.1

1. Is this a case that has been previously discontinued or dismissed?        ☐ YES    ■ NO

    If **yes**, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued      ☐ YES    ■ NO
   or dismissed companion cases in this or any other court, including state
   court?  (Companion cases are matters in which it appears substantially
   similar evidence will be offered or the same or related parties are present
   and the cases arise out of the same transaction or occurrence.)

    If **yes**, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes: