UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,
d/b/a LIVING ESSENTIALS, a
Michigan limited liability company,          CASE NO.  08-CV-10983

        Plaintiff,          PAUL D. BORMAN
                  UNITED STATES DISTRICT JUDGE

-vs-

N2G DISTRIBUTING, INC., et al.,

        Defendants.
_____/

**PRELIMINARY INJUNCTION AND RECALL ORDER**

WHEREAS Plaintiff Innovation Ventures LLC, d/b/a Living Essentials ("Plaintiff") has marketed, advertised, distributed and sold its nutritional supplements or energy drinks nationwide bearing the packaging trade dress which is depicted below:



WHEREAS Plaintiff's trade dress shown above includes the climber at sunrise

1

design, color scheme, the presentation of 5 HOUR ENERGY, and the shape of the bottle (collectively, "the 5 HOUR ENERGY trade dress");

WHEREAS Defendants N2G Distributing, Inc. and Alpha Performance Labs (jointly, Defendants) have distributed a product called "6 Hour Energy™ Shot" in the product packaging shown below, which product shall be hereinafter referred to as the "**Enjoined Product**":



**THE ENJOINED PRODUCT**

**SUBJECT TO THE RECALL**

WHEREAS Plaintiff has filed a Complaint for, *inter alia*, trademark and trade dress infringement in the United States District Court for the Eastern District of Michigan;

WHEREAS Plaintiff has filed a Motion for a Preliminary Injunction, Defendants filed an opposition to Plaintiff's Motion for a Preliminary Injunction, Plaintiff filed a reply, Defendants have filed a Supplemental Brief, and the Court accepted all briefing and evidence on

the matter;

NOW THEREFORE, having considered all of the evidence and oral arguments presented, the Court orders that Plaintiff's Motion for a Preliminary Injunction is GRANTED IN PART as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them who receive actual notice of this Order by personal service or otherwise **are hereby enjoined** from manufacturing, distributing, shipping, advertising, marketing, promoting, transferring, selling, or offering to sell Defendants' Enjoined Product during the pendency of this case.

2. Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them who receive actual notice of this Order by personal service or otherwise **are hereby enjoined,** during the pendency of this case, from manufacturing, distributing, shipping, advertising, marketing, promoting, transferring, selling, or offering to sell any nutritional supplements or energy drinks that either: (a) use the 5 HOUR ENERGY trade dress, or (b) use packaging that is confusingly similar to the 5 HOUR ENERGY trade dress.

3. Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them who receive actual notice of this Order by personal service or otherwise shall immediately recall from each of their customers, distributors and retailers Defendants' Enjoined Product and any advertising and/or promotional materials related to the Enjoined Product. The recall of this Order requires that all of the Defendants' Enjoined Product be returned promptly to the Defendants for storage by Defendants, subject to the provisions of paragraph 7. The recall includes any and all of the Enjoined Product that is

currently in the market, including but not limited to, product in the possession of Defendants' distributors and product in the possession of retailers whether in storage or on store shelves or displays.

    4. Defendants shall provide a copy of this Order such that it is received no later than Monday April 14, 2008 to its manufacturers and each entity to whom it sold or provided Defendants Enjoined Product, including Defendants' customers, distributors, sub-distributors, and retailers that purchased the product for distribution or sale from Defendants, and to anyone who purchased Defendants' Enjoined Product by the case from Defendants.  To avoid any doubt, Defendants are to provide this Order to each of their customers, distributors, sub-distributors and retailers as set forth above, but are not obligated to provide a copy of this Order to any individual retail customer (end consumer) of Defendants' Enjoined Product who purchased the product for personal consumption and not for distribution or sale.

    5. Any person or entity that receives a copy of this Order, including from Defendants or their customers, retailers, distributors and/or sub-distributors, shall: (1) immediately cease manufacturing, packaging, distributing, shipping, advertising, marketing, promoting, transferring, delivering, selling, or offering to sell the Enjoined Product, (2) provide a copy of this Order to its customers, distributors, sub-distributors and retailers that purchased the Enjoined Product for distribution or sale, and (3) immediately recall from each of their customers, distributors, sub-distributors  and retailers the Enjoined Product and any advertisement or other promotional material related to the Enjoined Product, and (4)  promptly return all of the Enjoined Product to Defendants.

    6. Defendants shall file with the Court within thirty (30) days after the entry of this Order a report, in writing and under oath, to be reviewed and held *in camera* by the Court

and reviewed as outside counsel's eyes only by Plaintiff's counsel, pending entry of an appropriate protective order with an outside counsel's eyes only designation, describing in detail the actions taken by Defendants to comply with the requirements of this Order, which shall include the following:

   a. a listing of all manufacturers to whom a copy of this Order was sent, when it was sent, the method by which it was sent, and what steps were taken to confirm that each manufacturer received this Order and complied with the terms of this Order;

   b. a listing of all Defendants' customers, distributors, sub-distributors and retailers that purchased the Enjoined Product to whom a copy of this Order was sent, when it was sent, the method by which it was sent, and what steps were taken to confirm that each customer, distributor and retailer received this Order and complied with the terms of this Order;

   c. a report of: (1) the total number of units of the Enjoined Product produced by Defendants, and (2) for each of Defendants' customers, distributors, sub-distributors and retailers that purchased the Enjoined Product, (a) the total number of units of the Enjoined Product that were purchased from Defendants or to whom Defendants shipped or delivered its Enjoined Product, and (b) the number of units that were returned to Defendants pursuant to the recall, including all existing back-up documentation, including invoices, necessary to illustrate the unit numbers and dates of sale and return;

   d. an identification of the location and total quantity of all of Defendants Enjoined Product that is maintained by the Defendants including the number of units that were held by Defendants in inventory, the number of units that were obtained pursuant to the recall, and the number of other units with an explanation of where those other units came from.

   7. Defendants shall maintain all of their Enjoined Product identified in

paragraph 6(d) in a secure location during the pendency of this lawsuit or pending further order of the Court; provided that, following the submission of the required report hereunder, and Plaintiff's inspection of the retained Enjoined Products, which inspection shall take place within thirty (30) days following submission of Defendants' report, Defendants may relabel and sell some or all of the Enjoined Product such that it does not violate the terms of this Order and provided that it retain all labels that are removed from the Enjoined Products,. The removed labels shall be made available for inspection upon reasonable notice.

8. Defendants will make clear in their recall communications that the recall is of Defendants' Enjoined Product and not Plaintiff's 5 HOUR ENERGY product and that Plaintiff's 5 HOUR ENERGY product is not being recalled and should not be returned. In the event that any of Plaintiff's 5 HOUR ENERGY product is sent to Defendants, it shall immediately be returned to the sender and notice must be promptly provided to Plaintiff identifying the customer, and quantity returned.

9. In the event that any information required by paragraph 6 is updated or modified with additional returns, Defendants shall promptly provide an updated report, in writing and under oath, describing in detail the actions taken by Defendants to comply with the requirements of this Order as set forth above.

10. Plaintiff shall post a bond as security for this Order in the amount of $50,000 with the Clerk of the Court within one week of the entry of this Order.

**IT IS SO ORDERED.**

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated:  April 9, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 9, 2008.

                                                s/Denise Goodine
                                                Case Manager