# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

————

**INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS**,
a Michigan limited liability company,

       *Plaintiff,*

                                        Hon.  **Paul D. Borman**

vs.

                                  Civ. Action No. **2:08-CV-10983**

**N2G DISTRIBUTING, INC.**
a California corporation,
**ALPHA PERFORMANCE LABS**
a Nevada corporation,

       *Defendants.*

                                      ***JURY TRIAL DEMANDED***

---

MARK A. CANTOR      (P32661)
THOMAS W. CUNNINGHAM   (P57899)
MARC LORELLI      (P63156)
BRIAN C. DOUGHTY   (P71652)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400

    *Attorneys for Plaintiff*

JEFFREY G. HEUER      (P14925)
PETER M. FALKENSTEIN  (P61375)
**JAFFE RAITT HEUER & WEISS P.C.**
27777 Franklin Road
Suite 2500
Southfield, Michigan 48034
(248) 351-3300

    *Attorneys for Defendants*

---

# FOURTH AMENDED COMPLAINT
# AND JURY DEMAND



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials, does hereby allege for its Fourth Amended Complaint against the Defendants as follows:

## I. THE PARTIES AND JURISDICTION

1.      Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials (hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 46570 Humboldt Drive, Novi, Michigan 48377.

2.      On information and belief, Defendant, N2G Distributing, Inc., is a California corporation, having its principal place of business at 8020 Palm Avenue, Suite D, Highland, California 92346.

3.      On information and belief, Defendant Alpha Performance Labs, is a Nevada corporation, having its principal place of business at 5448 Painted Gorge Drive, Las Vegas, Nevada 89149.

4.      On information and belief, Jeffrey Diehl is a resident of the city of Las Vegas in the State of Nevada. Diehl is the President and CEO of N2G Distributing, Inc. and the principal of Alpha Performance Labs.

5.      Defendants distribute, offer for sale and sell the accused supplements as described herein (see paragraphs 21 and 32) in the United States, in the State of Michigan and this District.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-1-

6.      This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §1331, 28 U.S.C. § 1338(a) and 17 U.S.C. § 101 *et seq* in that this case arises under the trademark and copyright laws of the United States.

7.      This Court has personal jurisdiction over the Defendants because the Defendants are conducting business in the State of Michigan and this District as alleged above, and are committing acts of infringement in this District.  To the extent not already established on the record in hand, the factual contentions of paragraph 5 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

## II.  FACTUAL BACKGROUND

**A.     Living Essentials and Its Asserted Trademark, Trade Dress and Copyright**

8.      Living Essentials is a national marketer and distributor of nutritional and dietary supplements sold under its many trademarks.

9.      Living Essentials is the current owner of the 5 HOUR ENERGY® trademark used by Living Essentials since at least 2004 as a trademark for use with the 5 HOUR ENERGY® supplements, including 5 HOUR ENERGY® Extra Strength.

10.     Living Essentials has used the 5 HOUR ENERGY® trademark as its trademark continuously since at least 2004 to the present.

11.     The 5 HOUR ENERGY® Trademark symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

12.     Living Essentials is the current owner of the 5 HOUR ENERGY® Packaging Trade Dress used since at least 2004 by Living Essentials as packaging for its 5 HOUR ENERGY® products.  Living Essentials introduced an extra strength version of the 5 HOUR ENERGY® in 2008.

13.     The 5 HOUR ENERGY® Packaging Trade Dress consists of the packaging illustrated below:



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-3-




14.     The 5 HOUR ENERGY® Packaging Trade Dress is arbitrary, non-functional, and distinctive.

15.     The 5 HOUR ENERGY® Packaging Trade Dress has been extensively and continuously used by Living Essentials since at least 2004, is inherently distinctive, and has become distinctive through the acquisition of "secondary meaning."

16.     The 5 HOUR ENERGY® Packaging Trade Dress symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

17.     Since 2004, long prior to the acts of the Defendants herein alleged, Living Essentials and its authorized distributors, dealers, and licensees have used the 5 HOUR ENERGY® Trademark and Packaging Trade Dress alone or in combination, or in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale in the United States and Canada, including this District.  These products are hereinafter collectively referred to as the "5 HOUR ENERGY® Products."

-4-



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

18.     Sales, advertising and promotion of the 5 HOUR ENERGY® Products since 2004 have amounted to well over $100 million dollars.

19.     As a result of such continuous use and extensive sales, advertising and promotion of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress by Living Essentials, its authorized dealers, licensees, and distributors, the marks and products associated with the 5 HOUR ENERGY® Trademark and Packaging Trade Dress enjoy recognition and notoriety in the United States and Canada, and are recognized by the public as emanating from Living Essentials.

20.     The 5 HOUR ENERGY® Trademark and Packaging Trade Dress are famous marks and represent property of great value and goodwill to Living Essentials.

21.     The 5 HOUR ENERGY® product includes a caution message on its label.  This message appears in the photograph below.





**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel      (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

22.     On March 27, 2008, Living Essentials obtained copyright registration TX-6-833-514 for the caution label displayed on its bottles, which is attached hereto as Exhibit B.

**B.     Defendants' Activities**

23.     Subsequent to Living Essentials' use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress as above alleged, and with actual knowledge of Living Essentials' use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, and counterfeits thereof, and with the intent to misrepresent the source of Defendants' goods, Defendants copied, adopted and are using the 5 HOUR ENERGY®Trademark and Packaging Trade Dress in connection with the advertising, offering for sale and sale of supplements in the United States, in the State of Michigan, and this District.   A photograph of Defendants' packaging is illustrated below:



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com





24.     With actual knowledge of Living Essentials' use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, and counterfeits thereof, and with the intent to misrepresent the source of Defendants' goods, Diehl directly participated in the infringement of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress and/or induced, caused, or materially contributed to the infringement of the 5 HOUR ENERGY ® Trademark and Packaging Trade Dress by another.

25.     Defendants have no consent, license, approval or other authorization to use the 5 HOUR ENERGY® Trademark and Packaging Trade Dress in connection with their products.  On April 9, 2008, the United States District Court entered a preliminary injunction



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-7-

regarding the 5 HOUR ENERGY® Trade Dress.  In violation of that Order, Defendants

modified its label such that it still is likely to cause confusion in its use of Living Essentials'

mountain sunrise design and color scheme.  Defendants' new product is illustrated below:



       26.     Since the April 9, 2008 Preliminary Injuction Order, Defendants also

produced other products that infringe upon Living Essentials' rights in the 5 HOUR ENERGY

Trademark.  These products of the Defendants' are illustrated below with the phrases "7 HOUR

ENERGY", "7+ HOURS ENERGY" and "14 HOUR ENERGY".



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com



27.    Defendants' use of the famous 5 HOUR ENERGY®Trademark and Packaging Trade Dress as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendants to misrepresent the source of Defendants' goods so as to cause confusion, mistake or to deceive as to Defendants' connection or association with Living Essentials.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

28.     Defendants have copied and induced others to copy, without authorization from Living Essentials, the copyrighted caution label owned by Living Essentials.  The caution labels for 5 HOUR ENERGY®  and many of Defendants' products are identical, including but not limited to Defendants' "6 hour energy" shot, "Nitro 2 Go Instant Energy" shot, and "Pure Energy Fast Acting" shot, as illustrated below:



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-10-

**LIVING ESSENTIALS**                    **DEFENDANTS**

CAUTION: Contains about as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin.

**5 HOUR ENERGY®**

Caution: Contains about as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin.

**6 Hour Energy**

Caution: Contains about as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin.

**Nitro 2 Go Instant Energy**

Caution: Contains about as much caffeine as a cup of coffee. Limit caffeine products to avoid nervousness, sleeplessness, and occasionally rapid heartbeat. You may experience a Niacin Flush (hot feeling, skin redness) that lasts a few minutes. This is caused by Niacin (Vitamin B3) increasing blood flow near the skin.

**Pure Energy**



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-11-

**[COUNT I — WITHDRAWN]**

### III.  COUNT II
### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP,
### FALSE ADVERTISING, TRADEMARK AND TRADE DRESS
### INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

29.     The allegations of paragraphs 1-28 are incorporated herein by reference.

30.     Defendants have knowingly used and continue to use in commerce the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that the Defendants manufacture, advertise, promote, and sell.  Defendants have used counterfeits and/or copies of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress knowing that the marks used are counterfeits and with the intent to use counterfeits of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress.  Defendants' actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).  Plaintiff's products and Defendants' copies are set forth below.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

## LIVING ESSENTIALS: TRADEMARK AND TRADE DRESS

 

## TRADE DRESS CLAIM AGAINST DEFENDANTS

 



## TRADEMARK CLAIM AGAINST DEFENDANTS

  



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel      (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

31.     Defendants' use of the 5 HOUR ENERGY® Trademark and 5 HOUR ENERGY® Packaging Trade Dress alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' products, and is likely to cause such people to believe in error that Defendants' products have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that the Defendants are in some way affiliated with Living Essentials or with the 5 HOUR ENERGY® brand.

32.     Defendants' acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods, and constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

33.     By reason of Defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress.  Unless Defendants are restrained from their actions, Living Essentials will continue to be irreparably harmed.

34.     Living Essentials has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

35.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered and will continue to suffer damages to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress, damage and injury to its business, substantial loss of revenue and profit,  and other damages in an amount to be proved at trial.



Brooks Kushman P.C.
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-14-

## IV.  COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

36.     The allegations of paragraphs 1-35 are incorporated herein by reference.

37.     Living Essentials was the first to use the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or any mark similar thereto in association with the sale of any product and service.  As a result of the continued sale by Living Essentials of 5 HOUR ENERGY® Products bearing the 5 HOUR ENERGY® Trademark and Packaging Trade Dress since approximately 2004, the 5 HOUR ENERGY® Trademark and Packaging Trade Dress have become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products to which the 5 HOUR ENERGY® Trademark and Packaging Trade Dress are applied.

38.     As a result of the experience, care, and service of Living Essentials in producing 5 HOUR ENERGY® Products, 5 HOUR ENERGY® Products have become widely known and have acquired a worldwide reputation for quality, durability, and performance. Moreover, the 5 HOUR ENERGY® Trademark and Packaging Trade Dress have become associated with 5 HOUR ENERGY® Products, and have come to symbolize the reputation for quality and excellence of 5 HOUR ENERGY® Products.  As such, the 5 HOUR ENERGY®Trademark and Packaging Trade Dress have become distinctive.

39.     Defendants, with knowledge of and with intentional disregard of Living Essentials' rights, continue to advertise, promote, and sell products and services using the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or counterfeits and confusing



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-15-

imitations thereof.  Such acts by the Defendants  have caused and continue to cause confusion as to the source and/or sponsorship of Defendants' products.

40.     Defendants' acts constitute willful infringement of Living Essentials exclusive rights in the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, in violation of the common law.  By reason of Defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress. Unless Defendants are restrained from further infringement of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, Living Essentials will continue to suffer irreparable harm.

41.     Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if Defendants' conduct is allowed to continue.

42.     As a direct and proximate result of Defendants' conduct, Living Essentials has suffered and will continue to suffer damages to the valuable 5 HOUR ENERGY® Trademark and Packaging Trade Dress, damage and injury to its business, substantial loss of revenue and profit, and will continue to suffer other damages in an amount to be proved at trial.

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-16-

## V.  COUNT IV
## <u>COPYRIGHT INFRINGEMENT</u>

43.     The allegations of paragraphs 1-42 are incorporated herein by reference.

44.     Living Essentials' caution label is an original work created by and for Living Essentials and owned by Living Essentials.

45.     Living Essentials' caution label is a work subject to protection under the Federal Copyright Act 17 U.S.C. § 101 *et seq.*

46.     Living Essentials has complied with all aspects of the law of copyright, and secured the exclusive rights and privileges in and to the copyright of its caution label and has received from the Register of Copyrights, the certificate of registration identified above and attached as Exhibit B.

47.     Defendants have copied and induced others to copy, without authorization from Living Essentials, the copyrighted caution label owned by Living Essentials.

48.     On information and belief, Defendants used Living Essentials' caution label knowing that it was the copyrighted work of Living Essentials and Living Essentials had not given permission for its use or copying to Defendants.

49.     Defendants' acts infringe Living Essentials' copyright.

50.     Defendants' infringement is willful.

51.     By reason of Defendants' acts, Living Essentials has suffered and will continue to suffer damage and injury to its business, and will sustain substantial loss of revenue and profit.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-17-

52.     Defendants have profited and have been unjustly enriched as a result of their infringement of the caution label copyright.

53.     Unless enjoined by this court, Defendants will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Living Essentials.  Living Essentials has no adequate remedy at law for Defendant's wrongful acts.

54.     Additionally, in the alternative, Living Essentials has suffered damages in an amount to be determined at trial.

### VI.  COUNT V
### FALSE ADVERTISING BASED ON FALSE
### AND/OR MISLEADING ADVERTISING STATEMENTS

55.     The allegations of paragraphs 1-54 are incorporated herein by reference.

56.     In Defendants advertisements, Defendants, in active commercial competition with Living Essentials, has made false and/or misleading statements of fact concerning its 7 Hour and 14 Hour Energy products BY USE OF 7 Hour Energy and 14 Hour Energy on its product.

57.     These statements are made in interstate commerce in connection with Defendants' products.

58.     These statements are made promoting Defendants' products and falsely represents the nature of quality of Defendants' products.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-18-

59.     Defendants have made false or misleading statements with knowledge of their falsity and/or misleading character, and/or willfully and with reckless disregard for their falsity or misleading character.

60.     Defendants' statements have confused and deceived a segment of their intended audience.

61.     Defendants' statements are material as they relate to customers' purchasing decisions.

62.     Defendants caused and directed their false or misleading statements to enter interstate commerce.

63.     Living Essentials has been and will continue to be injured by Defendants' false and/or misleading statements.

64.     Living Essentials' damages includes direct diversion of sales from Living Essentials to N2G or by a lessening of the good will associated with its products.

65.     Defendants' false and/or misleading statements violate the Lanham Act, 15 U.S.C. § 1125.

66.     Living Essentials is irreparably harmed, has no adequate remedy at law and is entitled to injunctive relief.

67.     Defendants' intentional and willful violations entitle Living Essentials to recover three times its actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1117.

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel      (248) 358-4400
Fax      (248) 358-3351

www.brookskushman.com

-19-

## VIII.  DEMAND FOR RELIEF

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the Defendants as follows:

A.     A determination that the Defendants have violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the Defendants are liable to Living Essentials for such violations;

B.     A determination that the Defendants have committed common law trademark infringement, that Living Essentials has been damaged by such infringement, and that Defendants are liable to Living Essentials for common law trademark infringement;

C.     A determination that Defendants have infringed the copyrighted work;

D.     A determination that the Defendants' copyright infringement was willful.

E.     A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

F.     Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining Defendants, their officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1)     using 6 Hour Energy, 7 Hour Energy or 14 Hour Energy on its vitamin supplements;



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-20-

(2)     imitating, copying, or making any unauthorized use of the

5 HOUR ENERGY® Trademark and Packaging Trade Dress;

(3)     importing, manufacturing, producing, distributing, circulating,

selling, offering for sale, advertising, promoting or displaying any service or product

using any simulation, reproduction, counterfeit, copy, or colorable imitation of either

the 5 HOUR ENERGY® Trademark and Packaging Trade Dress;

(4)     using any simulation, reproduction, counterfeit, copy or colorable

imitation of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress in

connection with the promotion, advertisement, display, sale, offer for sale, manufacture,

production, circulation or distribution of any product or service;

(5)     using any false designation of origin or false description

(including, without limitation, any letters, symbols, or designs constituting the 5 HOUR

ENERGY® Trademark and Packaging Trade Dress) or performing any act, which can,

or is likely to, lead members of the trade or public to believe that any service or product

manufactured, distributed or sold by Defendants are in any manner associated or

connected with Living Essentials, the 5 HOUR ENERGY® brand, or the 5 HOUR

ENERGY® Trademark and Packaging Trade Dress, or is sold, manufactured, licensed,

sponsored, approved or authorized by Living Essentials.

(6)     falsely advertising the efficacy of its products, or performing any

act that would mislead consumers about the efficacy of Defendants' products.

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-21-

H.     For an order directing that Defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using the 5 HOUR ENERGY® Trademark and Packaging Trade Dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

I.     For an order directing the destruction of any infringing articles pursuant to 17 U.S.C. §503;

J.     For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Living Essentials or related in any way to 5 HOUR ENERGY® Products;

K.     For an Order directing the Defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

L.     An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the Defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the Defendants' past use of Living Essentials' intellectual property, including all



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-22-

manufacturing, distribution, and sales of products bearing the 5 HOUR ENERGY® Trademark and Packaging Trade Dress, as well as the Defendants' compliance with the orders of this Court;

        M.    For an award of Living Essentials' costs and disbursements incurred in this action, including Living Essentials' reasonable attorney's fees;

        N.    For an award of Living Essentials' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

        O.    For an award to Living Essentials of its costs incurred in this action, including an award of reasonable attorney fees under 17 U.S.C. § 505;

        P.    For an award of Living Essentials' damages arising out of Defendants' acts;

        Q.    For an award of damages under 17 U.S.C. § 504 for copyright violations;

        R.    For an order requiring Defendants to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by Defendants through the use of the 5 HOUR ENERGY® Trademark and Packaging Trade Dress and any counterfeits thereof;

        S.    For an award of interest, including pre-judgment interest on the foregoing sums;

        T.    For such other and further relief as the Court may deem just and appropriate.

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-23-

## VII.   <u>DEMAND FOR JURY</u>

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

Respectfully submitted,

By:  /s/ Marc Lorelli_____
MARK A. CANTOR            (P32661)
THOMAS W. CUNNINGHAM       (P57899)
MARC LORELLI            (P63156)
BRIAN C. DOUGHTY         (P71652)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400; (248) 358-3351 (fax)
E-mail: mantor@brookskushman.com
 mlorelli@brookskushman.com
 tcunningham@brookskushman.com
 bdoughty@brookskushman.com

Dated: July 10, 2009

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

-24-

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on <u>July 10, 2009</u>, I electronically filed the foregoing **FOURTH AMENDED COMPLAINT AND JURY DEMAND** document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants in the ECF System as listed on the Court's Notice of Electronic Filing: John S. Artz, Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, Jeffrey G. Heuer, Samuel D. Littlepage, Marc Lorelli, Nicole M. Meyer, Jonathan C. Myers, Michael A. Schwartz. I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

### BROOKS KUSHMAN P.C.

By:   /s/ Marc Lorelli

MARK A. CANTOR            (P32661)
THOMAS W. CUNNINGHAM  (P57899)
MARC LORELLI                 (P63156)
BRIAN C. DOUGHTY         (P71652)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400 (tel)
(248) 358-3351 (fax)
E-mail:  mcantor@brookkushman.com
tcunningham@brookskushman.com
mlorelli@brookskushman.com
bdoughty@brookskushman.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com