Case 2:08-cv-10983-PDB-MJH    Document 104    Filed 07/13/2009    Page 1 of 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

    *Plaintiff*,

vs.

N2G DISTRIBUTING, INC. and
ALPHA PERFORMANCE LABS,

    *Defendants*.

Hon.  **Paul D. Borman**

Civ. Action No. **2:08-CV-10983**

***JURY TRIAL DEMANDED***

_____

| | |
|---|---|
| MARK A. CANTOR    (P32661) | SAMUEL D. LITTLEPAGE    (P61375) |
| THOMAS W. CUNNINGHAM   (P57899) | NICOLE M. MEYER    (P69972) |
| MARC LORELLI    (P63156) | JOHN S. ARTZ    (P48578) |
| BRIAN C. DOUGHTY    (P71652) | **DICKINSON WRIGHT, PLLC** |
| **BROOKS KUSHMAN P.C.** | 1875 Eye Street, NW, Suite 1200 |
| 1000 Town Center, Twenty-Second Floor | Washington, D.C. 20006 |
| Southfield, Michigan 48075 | Tel:  (202) 457-0160 |
| Tel:  (248) 358-4400 | Fax:  (202) 659-1559 |
| Fax: (248) 358-3351 | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

# PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO FURTHER AMEND DEFENDANTS' AMENDED COUNTERCLAIMS



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.   Leave To Amend Should Not Be Granted
        When Amendment Would Be Futile . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.   N2G's Proposed Amendments Relating To
        Cancellation Would Not Survive A Motion To Dismiss . . . . . . . . . . . . . . . . . . 8

    C.   N2G's Proposed Counterclaim Seeking Damages Pursuant
        To 15 U.S.C. § 1120 Cannot Survive A Motion To
        Dismiss Because There Is No Damage As Matter Of Law . . . . . . . . . . . . . . . 10

    D.   Innovation Ventures Should Be Provided Its Fees
        And Costs Associated With Responding To N2G's Motion . . . . . . . . . . . . . . 11

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

# TABLE OF AUTHORITIES

## CASES

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
502 F.3d 545 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Copperweld Corp. v. Arcair Co.*,
200 USPQ 470 (TTAB 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Country Mut. Ins. Co. v. American Farm Bureau Fed'n*,
876 F.2d 599 (7th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Federated Dept. Stores*,
3 USPQ2d 1541 (TTAB 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Foman v. Davis*,
371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gilbert/Robinson, Inc v. Carrie Beverage-Mo., Inc.*,
989 F.2d 985 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Miller v. Calhoun County*,
408 F.3d 803 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Money Store v. Harriscorp. Finance, Inc.*,
689 F.2d 666 (7th Cir.1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*,
632 F.2d 21 (6th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schwinn Bicycle Co. v. Murray Ohio Manufacturing Co.*,
339 F.Supp. 973 (M.D. Tenn.1971) ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Midwest Suspension & Brake*,
49 F.3d 1197 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-iii-

## STATUTES

Fed. R. Civ. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 1120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

28 U.S.C. § 1114 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## I. INTRODUCTION

Defendants N2G Distributing, Inc. and Alpha Performance Labs ("N2G") have requested leave from this Court to amend their Counterclaims for a second time in order to add two new claims. Both of these proposed counterclaims are based upon Count I of Innovation Ventures' original complaint against N2G regarding Innovation Ventures' supplemental registration for its 5 HOUR ENERGY trademark. This Count has been withdrawn, and any issue regarding Count I has been resolved. N2G's motion is improper, contrary to its representations made to Innovation Ventures, and was filed without any conference pursuant to L.R. 7.1. N2G's motion should be denied, and Innovation Ventures should be awarded its attorneys' fees in having to respond to this motion.

On May 20, 2009, N2G requested that Innovation Ventures dismiss Count I of its complaint based on U.S. Supplemental Registration No. 3,003,077 with prejudice. (Exhibit 1, Letter from Samuel D. Littlepage.) Innovation Ventures promptly took steps to dismiss Count I and included its withdrawal in its papers regarding its Fourth Amended Complaint as contemplated by N2G's letter. On June 2, 2009, Innovation Ventures sought dismissal of Count I with prejudice. (Dkt. # 92, Supplemental Brief Regarding Plaintiff's Motion To Amend.) On July 10, 2009, Magistrate Judge Hluchaniuk issued his Order permitting Innovation Ventures' amendment — which was based on the request from N2G. (Dkt. #101.) As explained in Innovation Ventures' brief:

> In an effort to remove this potentially collateral issue from the case, Living essentials is dismissing Count I with prejudice. Because Counts II and III both also assert trademark infringement of Living Essentials un-registered trademark rights in the 5 Hour Energy



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-1-

-2-

> brand, these claims would be unaffected by any misrepresentation claim. As such, the defendants' misrepresentation issue is a red herring that will only lead to a waste of resources and the Court's time and thus is being dimissed.
>
> ***Defendants are in agreement with Living Essentials' proposed dismissal of Count I***, however, they would not stipulate unless all trademark counts, including those based on common law rights, were dismissed as well. Because these Counts are based on use and on common law, rights are unaffected by any alleged misrepresentation, however, they should remain.

(Dkt. #92, emphasis added.)

There is no case or controversy. Count I regarding Innovation Ventures' supplemental registration is no longer at issue in this case. This is borne out of the request by N2G and the dismissal by Innovation Ventures with prejudice. The statute is clear, with Count I dismissed with prejudice, this Court does not have jurisdiction over a cancellation claim that is now being presented by N2G. Also, there can be no damage under 15 U.S.C. § 1120 based on a supplemental registration — a fact acknowledged by N2G when it requested that Count I be dismissed with prejudice without any claim or request for damages.

N2G's proposed amendment is futile and should be denied.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## II. BACKGROUND FACTS

On March 14, 2008, Innovation Ventures filed its Complaint asserting the following three Counts:  Count I — federal trademark infringement under 28 U.S.C. § 1114(a) of Innovation Ventures' 5 HOUR ENERGY® trademark registered on the supplemental register; Count II- false designation of origin under 28 U.S.C. § 1125(a) for Innovation Ventures' unregistered trademark rights in 5 HOUR ENERGY® and its trade dress; Count III — common law trademark and trade dress infringement of Innovation Ventures' unregistered trademark rights in 5 HOUR ENERGY® and its trade dress.  (*See* Complaint, Dkt. # 1.)

On May 8, 2008, Innovation Ventures amended its Complaint, adding a count for copyright infringement.  (Dkt. # 33.)

On August 4, 2008, Innovation Ventures again amended its Complaint to add defendants' CEO Jeffrey Diehl as a defendant and additional counts directed to his involvement in the infringement.

On December 12, 2008, after the Court determined that more discovery was necessary to determine whether Mr. Diehl was subject to the Court's jurisdiction, the parties stipulated to a new Complaint in which the counts against Mr. Diehl were removed.  The Court indicated that the counts could be added later, after further discovery,  if Innovation Ventures shows that the Court has jurisdiction.  (Dkt # 83).

On May 12, 2009, Innovation Ventures filed a Motion to Amend the Complaint adding a claim of false advertising directed to two new products defendants had just introduced into the market. (Dkt. # 82.)   Innovation Ventures claims that these new products infringe



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

Innovation Ventures' rights in the 5 HOUR ENERGY trademark and also include false and misleading statements on its label and advertising.

On May 20, 2009, defendants' counsel sent a letter to Innovation Ventures' counsel requesting that it dismiss Count I based on an allegation that Innovation Ventures made a misrepresentation in procuring its trademark registration. (Ex. 1, Letter from Littlepage.) The letter also requested that Count III, based on common law trademark infringement be dismissed but provided no justification for such a request.

On June 2, 2009, Innovation Ventures sought dismissal of Count I with prejudice pursuant to the request of N2G. (Dkt. # 92, Supplemental Brief Regarding Plaintiff's Motion To Amend.) On July 10, 2009, Magistrate Judge Hluchaniuk issued his Order permitting Innovation Ventures' amendment — which was based on the request from N2G. (Dkt. #101.)[1] Innovation Ventures' brief explained:

> This Court should grant Living Essentials' motion to amend the Complaint to dismiss Count I of the Complaint against defendants with prejudice. The dismissal will not prejudice NVE in any way and will result in economies for both the parties and the Court.
>
> The dismissal of Count I will simplify the case and result in economies for both the parties and the Court. Defendant's use of the infringing "6 Hour Energy" and "7 Hour Energy" phrases is actionable under each of § 1114(a) for infringement of Living Essentials registered trademark (Count I) and under § 1125(a) and the common law for infringement of Living Essentials' un-registered trademark rights (Count II). "Unlike the registration of a patent, a trademark registration of itself does not create the underlying right to exclude. Nor is a trademark created by registration. While federal registration triggers certain substantive and procedural rights [under § 1114(a)], the absence of federal registration does not unleash the mark to public use. It is well

**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[1] Today, N2G served objections to Judge Hluchaniuk's Order.

settled that §1125(a), of the Lanham Act "protects qualifying **unregistered** trademarks ..." *Two Pesos, Inc. v Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)(emphasis added).  Thus, even if its registration were found to be procured as a result of a misstatement --resulting in the dismissal of Count I, Counts II and III of Living Essentials' Complaint would continue to state a valid trademark infringement claim.  *Orient Express Trading Co. v. Federated Dep't Stores, Inc.*, 842 F.2d 650 (2d Cir. 1988).  Living Essentials is requesting that Count I be dismissed with prejudice now.  Thus, not only will this save time and money, but there will be less potential for jury confusion if Count I were dismissed.

Defendants cannot point to any prejudice it will suffer as a result of the dismissal of the claim against it with prejudice.  To the contrary, dismissal of the claim will save the resources of both parties and the time and resources of this Court.  Indeed, as Professor McCarthy has stated, pursuit of fraud claims like this are a waste of resources given that registration itself provides no right to exclude:

> **It is difficult to understand why defendants in many trademark infringement suits expend so much time, effort and money in vigorously pursuing the claim that plaintiff's federal registration was obtained by fraud.**  It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. In addition, plaintiff's separate federal rights in unregistered marks under Lanham Act § 43(a) continue unabated even if a registration is disregarded or cancelled.
>
> MCCARTHY ON TRADEMARKS, § 31:60.

Thus, as McCarthy asserts, the dismissal of Count I will save the parties "much time, effort and money."  This Court should allow amendment of the Complaint to dismiss Count I of Living Essentials' Complaint with prejudice.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

On July 10, 2009, Magistrate Judge Hluchaniuk issued his Order permitting Innovation Ventures' amendment — which was based on the request from N2G. (Dkt. #101.) The Order explained that dismissal of Innovation Ventures' Count based on its supplemental registration is appropriate based on plaintiff's request that it be with prejudice.

> In the present case, plaintiffs, as part of the modified request for leave to amend, are asking to be allowed to "dismiss," or withdraw Count I of the third amended complaint. This request to "dismiss" an existing count of a complaint as part of a motion to amend overlaps with the provisions of Rule 41(a)(2), which requires the permission of the court, or a stipulation, to dismiss a complaint, or presumably some portion of the complaint, after an answer to the complaint has been filed. The discretion to allow a party to withdraw a count in a complaint as part of a motion to amend appears to have similar limits to the discretion of the court to reach the same conclusion under Rule 41. Rule 41 does include the discretion to dismiss a matter with prejudice and that is not an insignificant difference. However, in the present case plaintiffs state that they intend to dismiss Count I "with" prejudice so that defendants are not prejudiced by Count I being withdrawn pursuant to a Rule 15 amendment, as opposed to being dismissed pursuant to Rule 41. Principles of judicial economy support an interpretation of the Federal Rules that allow for the issue to be disposed of in this context rather than insisting that plaintiffs filing a separate motion to accomplish a similar result. Consequently, in the view of the undersigned, it is the "supplemental" fourth amended complaint that must be tested by the "futility" objections raised by defendants. The differences between the proposed fourth amended complaint and the proposed supplemental fourth amended complaint are not so significant that defendants are unable to fairly argue their case without additional time to prepare.

(Dkt. #101, pp. 5-6.)

Now, N2G seeks to insert two additional claims based on Innovation Ventures' supplemental registration that is no longer part of this case. As explained below, these claims are futile as they would not survive a motion to dismiss.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

### III. ARGUMENT

N2G seeks to add two counts to its counterclaims. N2G seeks to add a counterclaim for cancellation of U.S. Registration No. 3,003,077. N2G also seeks to add a counterclaim seeking damage based damage for the assertion of U.S. Registration No. 3,003,077. Because U.S. Registration No. 3,003,077 is a Supplemental Registration, and because Count I has been dismissed with prejudice, N2G's proposed amendment is futile.

#### A.  Leave To Amend Should Not Be Granted When Amendment Would Be Futile

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. After a responsive pleading has been served, a party may amend its pleading only by leave of court, and "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the party requesting leave to amend must "act with due diligence if it wants to take advantage of the Rule's liberality." *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). Moreover, a court need not grant leave to amend where amendment would be "futile." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not survive a motion to dismiss. *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-7-

> **B.  N2G's Proposed Amendments Relating To
> Cancellation Would Not Survive A Motion To Dismiss**

N2G seeks to add a counterclaim to allege fraud in the procurement of the registration for Innovation Ventures trademark. This claim of "fraud" is a red herring that only affects Count I — not Count II in which Innovation Ventures asserts its common law, unregistered trademark rights. Because Count I was dismissed with prejudice, Innovation Ventures' trademark registration is no longer at issue. Thus, there is no case or controversy, and the Court does not have the power to cancel the registration. As such, the proposed amendments are futile.

"Unlike the registration of a patent, a trademark registration of itself does not create the underlying right to exclude. Nor is a trademark created by registration. While federal registration triggers certain substantive and procedural rights, the absence of federal registration does not unleash the mark to public use. The Lanham Act [§ 1125(a)] protects unregistered marks as does the common law." *San Juan Prods., Inc.*, 849 F.2d at 474 (citation omitted) (emphasis in original); *see also Country Mut. Ins. Co. v. American Farm Bureau Fed'n*, 876 F.2d 599, 600-01 (7th Cir.1989).

Innovation Ventures dismissed Count I because it is duplicative of its claim for trademark infringement of its underlying unregistered rights under § 1125(a). Indeed, as Professor McCarthy stated, pursuit of fraud claims like this are a waste of resources given that registration itself provides no right to exclude:

> It is difficult to understand why defendants in many trademark infringement suits expend so much time, effort and money in vigorously pursuing the claim that plaintiff's federal registration was obtained by fraud. It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, plaintiff's common law rights in the mark



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

> continue unabated and are sufficient to require an injunction against an infringing defendant. In addition, plaintiff's separate federal rights in unregistered marks under Lanham Act § 43(a) continue unabated even if a registration is disregarded or cancelled.

MCCARTHY, § 31:60.

NVE's proposed amendments seek cancellation of Innovation Ventures' registered trademark in light of Innovation Ventures' Count I for infringement of its registered trademark under § 1114(a). Count I, however, was dismissed with prejudice. (Dkt. #101; Dkt. #102, Fourth Amended Complaint.) Thus, Innovation Ventures is no longer asserting its registered trademark in this case.

NVE seeks to amend to add the cancellation claim under 15 U.S.C. § 1119 of the Lanham Act. ***Under 15 U.S.C. § 1119, however, district courts only have the power to cancel registrations in an "action involving a registered mark." Since Count I has been dismissed, the action will not be an "action involving a registered mark."*** 15 U.S.C. § 1119. Thus, the Court will not have the power to cancel. There will be no case or controversy. Because there would be no case or controversy, these proposed amendments would not withstand a Fed. R. Civ. P. 12(b) motion on the pleadings.[2]

---



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

[2] N2G's counterclaim also fails to sufficiently plead fraud pursuant to Fed. R. Civ. P. 9(b). N2G flatly asserts in its proposed counterclaims that Innovation Ventures has made false statements and misrepresentations in obtaining its registration, but it does not allege with any specificity that Innovation Ventures willfully deceived the PTO. *Id.* at 1160. ("Fraud will be deemed to exist only when there is a deliberate attempt to mislead the Patent Office into registering the mark." quoting *Money Store v. Harriscorp. Finance, Inc.*, 689 F.2d 666 (7th Cir.1982); *accord Schwinn Bicycle Co. v. Murray Ohio Manufacturing Co.*, 339 F.Supp. 973, 983 (M.D. Tenn.1971), *aff'd* 470 F.2d 975, 176 U.S.P.Q. 161 (6th Cir. 1972).) Furthermore, N2G makes no mention of how Innovation Ventures' allegedly fraudulent conduct was in any way material to obtaining the federal registration of the 5 HOUR ENERGY trademark. N2G should not be permitted to amend its counterclaims with such deficient allegations. Moreover, the identification of goods pled is incorrect and has been modified in the U.S. Patent and Trademark Office.

    **C.**    **N2G's Proposed Counterclaim Seeking Damages Pursuant To 15 U.S.C. § 1120 Cannot Survive A Motion To Dismiss Because There Is No Damage As Matter Of Law**

N2G also seeks to add a counterclaim for damages based on Innovation Ventures' assertion of its supplemental registration for 5 HOUR ENERGY. The supplemental registration was granted as U.S. Registration No. 3,003,077. The motion to amend should be denied as futile because, even if proven, fraud in the procurement of a supplemental trademark registration cannot cause any damage as a matter of law.

As discussed above, trademark rights are created by use, not registration. *San Juan Prods*, 849 F.2d at 474.

As such, for the alleged fraudulent registration issue to support a claim for damage, N2G must demonstrate that any injury was caused by the **registration** — as opposed to the underlying trademark rights. *Gilbert/Robinson, Inc v. Carrie Beverage-Mo., Inc.*, 989 F.2d 985, 991-92 (8th Cir. 1993) (Defendant did not establish that injury was caused by fraudulent registration as opposed to underlying trademark rights). N2G cannot establish and does not plead that the registration caused injury as a matter of law because a supplemental registration, in contrast to a principal registration, confers no substantive rights.[3]

> It is overwhelmingly agreed that a supplemental registration is evidence of nothing more than the fact that the registration issued on the date printed thereon . . . it is entitled to no presumptions of validity, ownership or priority.
>
> *In re Federated Dept. Stores,* 3 USPQ2d 1541 (TTAB 1987).

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[3] The Supplemental Register was created to assist U.S. residents in obtaining foreign registration in countries that required domestic registration in your own country. THE TRADEMARK LAW REV. ACT. OF 1988 § 53 (1989).

> Supplemental registration is not *prima facie* evidence of anything except that the registration issued.
>
> *Copperweld Corp. v. Arcair Co.,* 200 USPQ 470 (TTAB 1978).

Thus, fraud in the registration of a mark on the Supplemental Register cannot support an antitrust claim because it cannot cause injury as a matter of law. Indeed, as recorded by N2G in its first brief in this case: "In sum, Supplemental Registration creates "no presumptions of validity, ownership or priority." *In re Federated Dep't Stores*, 3 U.S.P.Q. 2d 1541, 1543 (TTAB 1987)." (Dkt. #9, p. 7.)

Even if the registration was procured by fraud, it would not support any damages claim and none have been pled. While a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of complaint's allegations are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). There is no factual allegation of damages, only speculation and presumption. Thus, the proposed amendment adding fraud in the procurement of the registration on the supplemental register and damages therefore is futile.

**D.     Innovation Ventures Should Be Provided Its Fees
        And Costs Associated With Responding To N2G's Motion**

As explained in the fact section, N2G requested that Innovation Ventures dismiss Count I with prejudice. (Exhibit 1: N2G's counsel stated: "Rather than repeat those arguments in the present civil action, it seems that the more prudent and economical course for your client to follow would be to voluntarily dismiss, with prejudice, its federal trademark claim against my



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

client (as it did on May 11, 2009 in the NVE case).")  Innovation Ventures did so to — in the words of N2G — "avoid the expenditure of time and monies by both our clients."  (*Id*.)

Now, after Innovation Ventures followed N2G's request, N2G filed a motion to amend the complaint to seek redress regarding U.S. Registration No. 3,033,077.  As explained above, the registration is no longer in the case and the counterclaim made lacks a case or controversy.  N2G did not hold a conference pursuant to L.R. 7.1 regarding the present motion, and instead filed it when it decided to renege on the request of its May 20, 2009 letter to Innovation Ventures' counsel.  Such litigation misconduct should not be condoned.  Innovation Ventures should be awarded its fees and expenses related to responding to the present motion.  Innovation Ventures estimates that the fees and expenses associated with its response to the present motion to exceed $2,000.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## IV. **CONCLUSION**

For at least the foregoing reasons, Defendant's Motion for Leave to Amend Its Amended Counterclaims should be denied.

            Respectfully submitted,

            **BROOKS KUSHMAN P.C.**

            By:   /s/ Marc Lorelli
            MARK A. CANTOR         (P32661)
            THOMAS W. CUNNINGHAM(P57899)
            MARC LORELLI          (P63156)
            BRIAN C. DOUGHTY      (P71652)
            1000 Town Center, Twenty-Second Floor
            Southfield, Michigan 48075
            (248) 358-4400 (tel) ; (248) 358-3351 (fax)
            E-mail:  mcantor@brookkushman.com
            tcunningham@brookskushman.com
            mlorelli@brookskushman.com
            bdoughty@brookskushman.com

            *Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

# CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on July 13, 2009, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO FURTHER AMEND DEFENDANTS' AMENDED COUNTERCLAIMS** document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: John S. Artz, Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, Jeffrey G. Heuer, Samuel D. Littlepage, Marc Lorelli, Nicole M. Meyer, Jonathan C. Myers, Michael A. Schwartz. I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

**BROOKS KUSHMAN P.C.**

By: /s/ Marc Lorelli
 MARK A. CANTOR         (P32661)
 THOMAS W. CUNNINGHAM   (P57899)
 MARC LORELLI           (P63156)
 BRIAN C. DOUGHTY       (P71652)
 1000 Town Center, Twenty-Second Floor
 Southfield, Michigan 48075
 (248) 358-4400 (tel); (248) 358-3351 (fax)
 E-mail: mcantor@brookkushman.com
         tcunningham@brookskushman.com
         mlorelli@brookskushman.com
         bdoughty@brookskushman.com

*Attorneys for Plaintiff*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com