# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INNOVATION VENTURES, INC. d/b/a
LIVING ESSENTIALS,

        Plaintiff,

v.

N2 DISTRIBUTING, INC. and ALPHA
PERFORMANCE LABS,

        Defendants.
_____ /

Case Number: 08-10983

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' ATTORNEYS

Before the Court is Plaintiff's Motion to Disqualify Defendants' Attorneys, Dickinson Wright, filed May 14, 2009. (Doc. No. 86). The motion was fully briefed, and this Court heard oral argument on July 13, 2009. For the reasons stated on the record, and discussed below, the Court **GRANTS** Plaintiff's motion to disqualify.

**I. BACKGROUND**

On February 27, 2009, Defendants' attorneys Jaffe, Raitt, Heuer & Weiss, P.C. moved to withdraw. The Court granted the motion to withdraw, and ordered Defendants to obtain new counsel within 30 days.

On April 13, 2009, Dickinson Wright attorneys Samuel Littlepage and Nicole Meyers filed appearances on behalf of Defendants.

Thereafter, on May 15, 2009, Plaintiff moved to disqualify Defendants' attorneys. Plaintiff

1

avers that Dickinson Wright has a conflict of interest in representing Defendants because a Dickinson Wright attorney prepared and filed the patent applications for the specific item at issue in the instant case– 5 Hour Energy drink– and obtained confidential information about the product formula during the course of the representation.

## II. ANALYSIS

Plaintiff relies on two Michigan Rules of Professional Conduct ("MRPC"), MRPC 1.9 ("Conflict of Interest: Former Client") and MRPC 1.10 ("Imputed Disqualification: General Rule") in support of its motion to disqualify Dickinson Wright.

MRPC 1.9 provides, in relevant part:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

MCPC 1.10 provides, in relevant part:

(a)     While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2.

The Court may look to the state's ethics rules as the appropriate standards against which to measure to propriety of an attorney's conduct for the purpose of determining whether a lawyer should be disqualified in a particular case. *Evans & Luptak, PLC v. Lizza*, 251 Mich. App. 187, 650 N.W.2d 364, 368-69 (2002). Further, the United States Court of Appeals for the Sixth Circuit applies a three-part test for disqualification: (1) a past attorney-client relationship; (2) the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the present action; and (3) the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882,

889 (1990).

In this case, it is undisputed that a very recent past attorney-client relationship existed between Plaintiff and Defendants' attorneys, Dickinson Wright. Defendants acknowledge that a Dickinson Wright attorney prepared and filed two provisional patent applications for two different 5 Hour Energy drink formulations in 2007. (Defs.' Resp. Ex. 2, Naber Aff. 3; Pl.'s Mot. Ex. A, Nowakowski Aff. 3-4). Dickinson Wright's relationship with Plaintiffs ended in October 2008, less than a year ago. (Naber Aff. at 5).

With respect to the second and third factors, whether the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the present action and whether confidential information was received, this Court finds that the subject matter of the prior attorney-client relationship is substantially related to the subject matter of the instant complaint and Dickinson Wright obtained confidential information during the course of its representation.

In *General Electric Co. v. Valeron Corp*., 608 F.2d 265, 266-67 (6th Cir. 1979), the Sixth Circuit affirmed the district court's order disqualifying an attorney from representing a litigant accused of infringing patents for which the attorney prepared the patent applications because the attorney had access to the client's patent files used in pursuing the patent. In *Haworth v. Wickes Mfg. Co.*, 1994 WL 16099352 (W.D. Mich. 1994), the district court denied the motion to disqualify finding that the information obtained by prior counsel was more general information about the company's workings and operations, rather than information pertaining to the issues in the lawsuit.

In the case at bar, the subject matter of the prior representation and the instant lawsuit is unquestionably related: the underlying products are the same in both instances. Moreover, as in *General Electric*, Dickinson Wright attorneys received confidential information "concerning the

formulas for 5 HOUR ENERGY® products, strategies as to what should be patented, and other matters relating to the Company's 5 Hour Energy® products" (Nowakowski Aff. 6).

Although the instant lawsuit relates to trade dress rather than formula, the fact that it involves the very same product, supports the disqualification of Dickinson Wright, very recent counsel to Plaintiff.  Although the Dickinson Wright attorney that performed the work is no longer employed there, the billing partner Robert Kelly, continues to work at Dickinson Wright.  Further, no walls have ever been erected at Dickinson Wright to cabin the information received from Plaintiff – their recent, now former, client.  Accordingly, this Court will disqualify Dickinson Wright from representing Defendants in this matter.

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 31, 2009.

S/Denise Goodine  
Case Manager