UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

INNOVATION VENTURES, LLC,
d/b/a LIVING ESSENTIALS,
a Michigan Limited Liability Company,

      Plaintiff and Counter-Defendant,        Case No.: 2:08-cv-10983-PDB-MJH

-vs-                               Hon. Paul D. Borman

N2G DISTRIBUTING, INC.,         Michael J. Hluchaniuk
a California Corporation, and      U. S. Magistrate Judge
ALPHA PERFORMANCE LABS,
a Nevada Corporation,

      Defendants and Counter-Plaintiffs.
_____

| | |
|---|---|
| Mark A. Cantor (P32661) | James K. Thome (P25629) |
| Marc Lorelli (P63156) | Vandeveer Garzia, PC |
| Brooks Kushman PC | Attorneys for Defendants |
| Attorneys for Plaintiff and | and Counter-Plaintiffs |
| Counter-Defendant | 1450 West Long Lake Road |
| 1000 Town Center, 22nd Floor | Suite 100 |
| Southfield, MI 48075 | Troy, MI 48098 |
| (248) 358-4400 | (248) 312-2800 |
| mcantor@brookskushman.com | jthome@VGpcLAW.com |
| | |
| Michael Alan Schwartz (P30938) | John E. McSorley (P17557) |
| Schwartz, Kelly & Oltarz-Schwartz, PC | Garan Lucow Miller, PC |
| Attorneys for Plaintiff | Co-Counsel for Defendants |
| 30300 Northwestern Highway | 1000 Woodbridge Street |
| Farmington Hills, MI 48334-3218 | Detroit, MI 48207-3192 |
| (248) 785-0200 | (313) 446-5511 |
| phrog@schwartzlawyer.com | jmcsorley@garanlucow.com |

_____

**DEFENDANTS' ANSWER AND AMENDED DEFENSES TO THIRD AMENDED
COMPLAINT, AMENDED COUNTERCLAIMS, AND JURY DEMAND**

**CERTIFICATE OF SERVICE**

<u>ANSWER</u>

Defendants N2G Distributing, Inc. ("N2G") and Alpha Performance Labs ("Alpha"), by and through their undersigned counsel, for their Amended Answer to the Third Amended Complaint ("Complaint"), state as follows:

1.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 1; therefore the paragraph is deemed denied.

2.    Admitted.

3.    Admitted.

4.    Defendants admit that Jeffrey Diehl is the President of N2G Distributing, Inc. and a principal of Alpha Performance Labs and deny the remaining allegations of paragraph 4.

5.    Paragraph 5, as drafted, is unintelligible, and is therefore denied as untrue.

6.    Without admitting the validity or merits of any of the claims in the Complaint, Defendants admit that the Court has subject matter jurisdiction over the stated claims.

7.    The first sentence of paragraph 7 states a legal conclusion, to which no response is required.  Defendants deny the allegations in the second sentence of paragraph 7.

8.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore the paragraph is deemed denied.

9.    Defendants admit that Plaintiff is the registrant of U.S. trademark registration number 3,003,077, registered on the Supplemental Register, but deny that said mark is protectable or enforceable (the "Claimed Trademark").  Defendants admit that Plaintiff claims a first use date of 2005 on that registration, but deny knowledge sufficient to form a belief as to the truth of that assertion; therefore it is deemed denied.

10.    Defendants admit only that Plaintiff has submitted an unauthenticated copy of the Registration Certificate for trademark number 3,003,007, and that the contents of that document are self-evident.

11.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 11; therefore the paragraph is deemed denied.

12.    Defendants deny the allegations of paragraph 12.

13.    Defendants lack information sufficient to form a belief as to the truth of the allegation that Plaintiff introduced an "extra strength version of the 5 Hour Energy in 2008"; therefore the allegation is deemed denied.  Defendants deny that Plaintiff's self-styled "5 HOUR ENERGY Packaging Trade Dress" (the "Claimed Trade Dress") qualifies as protectable trade dress.

14.    Defendants admit that the photograph in paragraph 14 represents the front portion of a bottle of Plaintiff's 5-hour Energy product and its 5–hour Energy Extra Strength product, but deny that it is part of any protectable trade dress.

15.    Defendants deny the allegations of paragraph 15 as untrue.

16.    Defendants deny the allegations of paragraph 16 as untrue.

17.    Defendants deny the allegations of paragraph 17 as untrue.

18.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 18; therefore the paragraph is deemed denied.

19.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 19; therefore the paragraph is deemed denied.

20.    Defendants deny the allegations of paragraph 20 as untrue.

21.    Defendants deny the allegations of paragraph 21 as untrue.

22.    Defendants admit only that the language displayed in the photograph appears on the 5-hour Energy bottle.

23.    Defendants admit only that Plaintiff has attached what it purports to be a copyright registration certificate and are without sufficient information to determine the authenticity of the registration or validity of the copyright.

24.    Defendants admit only that the photographs contained in paragraph 24 represent the front portion of the 6 Hour Energy Shot and Pure Energy products.  The remaining allegations of paragraph 24 are denied as untrue.

25.    Defendants deny the allegations of paragraph 25 as untrue.

26.    Defendants admit only that on April 9, 2008 the U.S. District court entered a preliminary injunction in this case; but denies Plaintiff's characterization of the document and avers that the contents of that document are self-evident.  As the allegations of paragraph 25 are based on the false factual premise, and falsely imply, that Defendants need the consent, license, approval, or other authorization of Plaintiff in order to produce the 6 Hour Energy Shot product, and falsely claim that Defendants are

using Plaintiff's Claimed Trademark or the Claimed Trade Dress, the remainder of paragraph 26 is denied as untrue.

27.    Defendants deny the allegations of paragraph 27 as untrue.

28.    Defendants deny the allegations of paragraph 28 as untrue.

28.    Defendants admit only that the wording on the labels of several of Defendants' products are the same as the wording on the 5-Hour Energy label, but Defendants deny the remaining allegations of paragraph 28 as untrue and further aver that the material that is the subject of Plaintiff's purported copyright is not copyrightable and that, even if copyrightable, Plaintiff does not have lawful rights to said copyright.

COUNT I

29.    Paragraph 29 requires no response.

30.    Defendants admit only that Plaintiff is demanding that Defendants refrain from use of the Claimed Trademark.  Defendants deny that they are using the Claimed Trademark, and deny that the Claimed Trademark is protectable or enforceable against Defendants.  Defendants further deny the remaining allegations of paragraph 30 as untrue.

31.    Defendants deny the allegations of paragraph 31 as untrue.

32.    Defendants deny the allegations of paragraph 32 as untrue.

33.    Defendants deny the allegations of paragraph 33 as untrue.

34.    Defendants deny the allegations of paragraph 34 as untrue.

35.    Defendants deny the allegations of paragraph 35 as untrue.

COUNT II

36.     Paragraph 36 requires no response.

37.     Defendants deny the allegations of paragraph 37 as untrue.  Defendants further aver that the photographs included in paragraph 37 selectively represent only a small portion of the Defendants' 6Hour Energy Shot and Pure Energy Shot bottles and packaging.

38.      Defendants deny the allegations of paragraph 38 as untrue.

39.     Defendants deny the allegations of paragraph 39 as untrue.

40.     Defendants deny the allegations of paragraph 40 as untrue.

41.     Defendants deny the allegations of paragraph 41 as untrue.

42.     Defendants deny the allegations of paragraph 42 as untrue.

COUNT III

43.     Paragraph 43 requires no response.

44.     Defendants deny that the Claimed Trade Dress and Claimed Trademark are protectable and enforceable; deny information sufficient to form a belief as to when Plaintiff began using the Claimed Trade Dress and Claimed Trademark; and deny the remaining allegations of paragraph 44 as untrue.

45.     Defendants deny the allegations of paragraph 45 as untrue.

46.     Defendants deny the allegations of paragraph 46 as untrue.

47.     Defendants deny the allegations of paragraph 47 as untrue.

48.     Defendants deny the allegations of paragraph 48 as untrue.

49.     Defendants deny the allegations of paragraph 49 as untrue.

COUNT IV

50.     Paragraph 50 requires no response.

51.     Defendants deny the allegations of paragraph 51 as untrue.

52.     Defendants deny the allegations of paragraph 52 as untrue.

53.     Defendants deny the allegations of paragraph 53 as untrue.

54.     Defendants deny the allegations of paragraph 54 as untrue.

55.     Defendants deny the allegations of paragraph 55 as untrue.

56.     Defendants deny the allegations of paragraph 56 as untrue.

57.     Defendants deny the allegations of paragraph 57 as untrue.

58.     Defendants deny the allegations of paragraph 58 as untrue.

59.     Defendants deny the allegations of paragraph 59 as untrue.

60.     Defendants deny the allegations of paragraph 60 as untrue.

61.     Defendants deny the allegations of paragraph 61 as untrue.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor Defendants on all counts in the Second Amended Complaint; award Defendants its costs and expenses, including attorney fees, in defending this matter; and award Defendants such other and further relief as the Court deems just.

## AMENDED DEFENSES AND AFFIRMATIVE DEFENSES

For its amended defenses and affirmative defenses to the Third Amended Complaint, Defendants assert the following:

1.     The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's Claimed Trademark is not protectable or enforceable against Defendants.

3.      Plaintiff's Claimed Trademark is not inherently distinctive, nor has it acquired distinctiveness, i.e., secondary meaning.

4.      Even if cognizable as a trademark, the Claimed Trademark is highly descriptive and exceedingly weak and cannot be extended to enjoin competitors' use of non-identical, descriptive phrases.

5.      Defendants' use of the term "6 Hour Energy Shot" is a fair and descriptive use of that term.

6.      Defendants' use of the term "Pure Energy Shot" is a fair and descriptive use of that term.

7.      Defendants are not using Plaintiff's Claimed Trademark or any confusingly similar mark, i.e., Defendants are causing no likelihood of confusion as to the source of their product or any affiliation with or endorsement by Plaintiff.

8.      Plaintiff's Claimed Trade Dress as displayed below (hereinafter referred to as "Plaintiff's Claimed Extra Strength Trade Dress") is not protectable or enforceable against Defendants.



9.      Plaintiff's Claimed Extra Strength Trade Dress includes functional

elements that are not protectable.

10.     Plaintiff's Claimed Extra Strength Trade Dress includes a highly

descriptive trademark that is not enforceable.

11.     Plaintiff's Claimed Extra Strength Trade Dress does not function as a

single source identifier of Plaintiff's goods.

12.     Defendants' trade for its Pure Energy Shot is not confusingly similar with

any protectable elements of Plaintiff's Claimed Trade Dresses i.e., is not

likely to cause confusion as to the source of Defendants' product or

Defendants' affiliation with or endorsement by Plaintiff.

13.     Defendants have not knowingly or willfully infringed any trademark or

trade dress of Plaintiff.

14.     Plaintiff's claim for attorney fees under the Lanham Act are barred, as this

is not an exceptional case.

15.     Plaintiff's copyrighted work is not a work of original authorship and is

therefore not registrable.

16.     Plaintiff's copyrighted work is not copyrightable.

17.    Plaintiff is not the author or owner of the purportedly copyrightable work.

18.    Plaintiff's claims for statutory damages and attorney fees under the Copyright Act are barred by its failure to register its purported copyright prior to the alleged infringement.

19.    Plaintiff has unclean hands with regard to the subject matter of this action.

20.    Some or all of Plaintiff's claims in this matter are barred by the doctrines of laches and/or estoppel.

21.    Defendants reserve the right to add defenses through discovery and up to the time of trial.


AMENDED COUNTERCLAIMS OF DEFENDANTS N2G DISTRIBUTING, INC.
AND ALPHA PERFORMANCE LABS

Defendants N2G Distributing, Inc. ("N2G") and Alpha Performance Labs ("Alpha"), by and through their undersigned counsel, for their Amended Counterclaims as and against Plaintiff Innovation Ventures, LLC d/b/a Living Essentials ("Innovation Ventures"), states as follows:

The Parties

1.    Counter-Plaintiff N2G is a California corporation with its principal offices located in Highland, California.

2.    Counter-Plaintiff Alpha is a Nevada corporation with its principal offices located in Las Vegas, Nevada.

3.     Counter-Defendant Innovation Ventures is, upon information and belief, a Michigan limited liability company with its principal offices located in Novi, Michigan.

<u>Jurisdiction and Venue</u>

4.     The Court has jurisdiction over this matter under 28 U.S.C. § 1332 (diversity jurisdiction) as the amount in controversy relating to this Counterclaim exceeds $75,000, exclusive of costs and interest, and the parties are citizens of different states, as well as under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201(a) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and because Plaintiff/Counter-Defendant resides in this District.

<u>Factual Allegations</u>

6.     N2G is a national distributor of, among other things, liquid dietary supplements sold in 2 oz. portions and designed to provide consumers of the product enhanced feelings of energy for a substantial period of time ("energy shots").  Alpha is, among other things, a manufacturer of energy shots.

7.     Counter-Defendant Innovation Ventures is also a distributor of energy shots, which competes directly with N2G and Alpha.  Statistics produced by the A.C. Nielsen Company, as well as Innovation Ventures' own admissions, show that Innovation Ventures has over an 80% national market share in the energy shot market.

8.     Since filing this lawsuit, Innovation Ventures has communicated through a variety of mass mailings with numerous manufacturers, bottlers, distributors, wholesalers, and retailers of energy shots, including many of such individuals and

entities with whom N2G and Alpha have contractual or other business relationships (the "Communication Recipients").

9.    Upon information and belief, Innovation Ventures has also communicated with many of the Communication Recipients via other written correspondence, e-mails, and/or oral communications.

10.    These communications have related to this litigation specifically, as well as to N2G and Alpha and their products more generally.

11.    At least one of these communications is the subject of a preliminary injunction entered in Innovation Ventures' suit against another distributor of energy shots, BDI Marketing (Case No. 08-12711), in which Judge Rosen adopted Magistrate Judge Pepe's Report and Recommendation finding that the communication at issue was falsely misleading.

12.    Moreover, through at least some of its written communications, Innovation Ventures has encouraged Communication Recipients to call Innovation Ventures and or its counsel to further discuss the case and, presumably, N2G and Alpha and the products they distribute.

13.    Innovation Ventures' complained of communications were designed, at least in part, to discourage Communication Recipients from dealing with N2G and Alpha and from carrying products of N2G and Alpha.  That goal was accomplished through the use of deceptive, misleading, and deliberately ambiguous statements contained within the communications.

14.    Moreover, at this point, N2G and Alpha do not, and cannot, know the full extent of Innovation Ventures' communications with Communications Recipients, which included deceptive, misleading, and deliberately ambiguous statements relating to N2G and Alpha, but have reason to believe that those communications were substantially broader than what is now known, as the extent of those communications is solely within the knowledge of Innovation Ventures.

15.    In or about April, 2008, after entry of the Court's Preliminary Injunction Order, Defendants abandoned their 6 HOUR ENERGY Trade Dress and adopted their new PURE ENERGY trade dress, a photograph of which is attached below:



16.    By way of its Third Amended Complaint and Jury Demand, Innovation Ventures has identified Defendants' PURE ENERGY trade dress at Paragraphs 24, 26 and 37 and suggested in those Paragraphs, as well as in Paragraphs 25, 27, and 38-49 that Defendants have, through their advertising, offering for sale and sale of supplements with this trade dress, intentionally misrepresented the source of Defendants' goods, as well as directly infringed Innovation Ventures' trade dress and/or

induced, caused, or materially contributed to the infringement of the Plaintiff's 5 HOUR ENERGY Packaging Trade Dress, as alleged by Plaintiff.

17.    By not separating its claims as referring to Defendants' former 6 HOUR ENERGY trade dress or Defendants' new PURE ENERGY trade dress, Innovation Ventures has alleged that Defendants are liable for federal and common law trademark infringement, counterfeiting, false designation of origin or sponsorship, false advertising, and trade dress infringement in connection with Defendants' new PURE ENERGY trade dress.

<u>COUNT I</u>

<u>Tortious Interference with Contractual Relations</u>

18.    Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

19.    Counter-Plaintiffs have existing valid and enforceable contracts with many of the Communication Recipients.

20.    Upon information and belief, at all relevant times, Innovation Ventures was aware  that Counter-Plaintiffs had contractual relations with at least some of the Communication Recipients.

21.    Innovation Ventures intentionally interfered with these contractual relations when it engaged in deceptive, falsely misleading, and deliberately ambiguous communications with such Communication Recipients.

22.    Such interference was improper, without justification, and caused Communication Recipients to breach, disrupt, or terminate their contracts with Counter-Plaintiffs.

23.    Innovation Ventures' conduct was deliberate, malicious, harmful, willful, wanton, and undertaken with a disregard of Counter-Plaintiffs' contractual relationships.

24.    Counter-Plaintiffs have been directly and proximately damaged as a result of Innovation Ventures' improper conduct, suffering substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business.

<u>COUNT II</u>

<u>Tortious Interference with Business Relationships and Expectancies</u>

25.    Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

26.    Counter-Plaintiffs have existing business relationships and *bona fide* business expectancies with many of the Communication Recipients.

27.    Upon information and belief, at all relevant times, Innovation Ventures was aware that Counter-Plaintiffs existing business relationships and *bona fide* business expectancies with at least some of the Communication Recipients.

28.    Innovation Ventures intentionally interfered with these business relationships and expectancies when it engaged in deceptive, falsely misleading, and deliberately ambiguous communications with such Communication Recipients.

29.    Such interference was improper, without justification, and caused Communication Recipients to disrupt, or terminate their business relationships with Counter-Plaintiffs or to refrain from entering into a contemplated business relationship.

30.    Innovation Ventures' conduct was deliberate, malicious, harmful, willful, wanton, and undertaken with a disregard of Counter-Plaintiffs' business relationships and expectancies.

31.    Counter-Plaintiffs have been directly and proximately damaged as a result of Innovation Ventures' improper conduct, suffering substantial economic injury, loss of goodwill, harm to its business reputation, loss of esteem and standing in the community, and loss of business.

COUNT III

Violation of Michigan Consumer Protection Act (MCL § 445.901 <em>et seq.)</em>

32.    Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

33.    By its conduct aforestated, Innovation Ventures has disparaged the goods, services, business, or reputation of Counter-Plaintiffs by false or misleading representations of fact.

34.    By its conduct aforestated, Innovation Ventures has caused a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

35.     By its conduct aforestated, Innovation Ventures has failed to reveal material facts, the omission of which tends to mislead or deceive the consumer, and which facts could not reasonably be known by the consumer.

36.     As a result of Innovation Ventures' wrongful conduct, Counter-Plaintiffs have been harmed.

37.     Innovation Ventures has violated the Michigan Consumer Protection Act.


COUNT IV

Declaratory Judgment Re: Defendants' "Pure Energy Trade Dress" Is Non-Infringing

38.     Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

39.     There is an actual and immediate controversy between Innovation Ventures and Defendants over whether Defendants' PURE ENERGY trade dress violates any trade dress or trademark of Innovation Ventures or otherwise constitutes a false designation of origin or sponsorship, or false advertising.

40.     Counter-Plaintiffs are and will continue to be damaged in their business and reputation by Innovation Ventures' false charges of false designation of origin or sponsorship, false advertising, trade dress infringement and common law trademark infringement, if the existing controversy between the parties concerning Counter-Plaintiffs' distribution, advertising, sale and offering for sale for supplements under the PURE ENERGY trade dress is not promptly adjudicated. Photographs of Counter-

17

Defendant's 5 Hour Energy Trade Dress, as compared to Counter-Plaintiffs' PURE

ENERGY Trade Dress, are illustrated below:

**Counter-Defendant Innovation Venture's
"5 Hour Energy" Trade Dress**     **Counter-Plaintiff's N2G and Alpha's
"Pure Energy" Trade Dress**




41.     Counter-Plaintiffs' manufacture, distribution, advertising, sale, and offering

for sale of its PURE ENERGY supplements do not infringe any proprietary rights of

Innovation Ventures, nor do they constitute a false designation of origin or sponsorship

or false advertising because the Counter-Plaintiffs' trademark and trade dress used in

connection with that product are not confusingly similar to any mark or trade dress used

in connection with Innovation Ventures' "5 Hour Energy" product.

42.     Counter-Defendant's conduct in bringing Counter-Plaintiffs' new PURE

ENERGY trade dress into its Third Amended Complaint and making allegations of trade

dress infringement, trademark infringement, false designation of origin or sponsorship

and false advertising against Counter-Plaintiff's new PURE ENERGY trade dress has

18

brought the parties into adversarial conflict with each other and created a real and reasonable apprehension of liability on the part of Counter-Plaintiffs.

43.    Pursuant to 15 U.S.C. §§ 2201 and 2202, Counter-Plaintiffs request declaratory judgment that Counter-Plaintiffs have not violated any laws relating to Innovation Ventures' trade dress under Section 43(a) of the Lanham Act or the laws of Michigan, or otherwise, as a result of any acts in distributing, advertising, selling or offering for sale their current PURE ENERGY product.

COUNT V

Cancellation Of Innovation Ventures' Fraudulently-Procured Federal Trademark
Registration For 5-Hour Energy

44.    Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

45.    On June 14, 2004, Innovation Ventures filed an application for federal registration of the alleged 5 HOUR ENERGY trademark in the U.S. Patent and Trademark Office ("PTO").  That application was assigned Serial Number 78/434496 ("the '496 application") by the PTO.

46.    During the prosecution of the '496 application, Innovation Ventures stated, under oath, that it had an intent to use the 5 HOUR ENERGY mark in connection with "Homeopathic Supplements, Pharmaceutical Preparations, Nutritional Supplements And Dietary Supplements That Relieve Or Prevent Fatigue".  In addition, Innovation

Ventures further swore, under oath, that it had a "bona fide intention to use…the mark on or in connection with the identified goods and/or services" in its application.

47.    Under penalty of perjury that willful false statements and the like so made are punishable by fine, imprisonment or both, Innovation Ventures swore that the statements quoted in the preceding Paragraph 46 were "all statements made of his/her own knowledge are true".

48.    On July 19, 2005, Innovation Ventures filed an Amendment To Allege Use of the 5 HOUR ENERGY mark in connection with its aforesaid application for registration and stated that it was making "no change" to the description of the goods with which the mark would be used (and as set forth in Paragraph 46 *supra*).  Innovation Ventures further stated, under oath, that it "is using the mark in commerce on or in connection with all the goods and/or services listed in the application" and again stated that such statements made under its own knowledge  were true.

49.    Based upon, and in reliance upon, the sworn representations of actual use by Innovation Ventures of the 5 HOUR ENERGY mark on all of the goods set forth in the '496 application, the PTO granted federal registration number 3,003,077 ("the '077 Registration") on September 27, 2005 to Innovation Ventures.

50.    Innovation Ventures knew, at the time it filed the '496 Application on June 14, 2004, that it had no intent to use the 5 HOUR ENERGY mark on, or in connection with all of the goods identified in that application.  More specifically, Innovation Ventures knew that it had no intent to use the 5 HOUR ENERGY mark on "homeopathic supplements or pharmaceutical preparations".

20

51.    Innovation Ventures made the aforesaid sworn, yet false, statements regarding use of the 5 HOUR ENERGY mark in order to induce the PTO to grant it a federal registration for all of the recited goods in the '496 Application.

52.    Innovation Ventures sworn statements regarding its use of the 5 HOUR ENERGY trademark with all of the goods identified and recited in the '496 Application were statements of purported fact that, in turn, were material to the PTO in deciding whether to grant the '077 Registration. In addition, it was reasonable for the PTO to rely upon the sworn (yet false) statements of Innovation Ventures in granting the '077 Registration.

53.    The acts of Innovation Ventures, as set forth in Paragraphs 45 through 52 *supra,* constitute fraud committed by it on the PTO in procuring the federal registration of the 5 HOUR ENERGY mark.

54.    The acts of Innovation Ventures in obtaining and maintaining the federal registration of the 5 HOUR ENERGY mark, and then asserting that wrongfully registered mark against Counter-Plaintiff has damaged and harmed it. Accordingly, this Court is requested to enter an Order, pursuant to 15 U.S.C. § 1119, cancelling the '077 Registration.

<u>COUNT VI</u>

<u>Innovation Ventures' Violation Of 15 U.S.C. § 1120</u>

55.    Counter-Plaintiffs repeat and reallege all paragraphs of this Counterclaim as if fully restated herein.

56.    Innovation Ventures has procured by a federal registration in, and issued by, the U.S. Patent and Trademark Office of the 5 HOUR ENERGY trademark and has done so by false and/or fraudulent sworn declarations and representations.  Innovation Ventures has then asserted its fraudulently procured federal registration against Counter-Plaintiffs, both in the relevant trade and industry, as well as in this Court. Counter-Plaintiffs have, as a consequence  of Innovation Ventures' aforesaid conduct, been injured and damaged in an amount to be determined at trial on the merits.

WHEREFORE, Counter-Plaintiffs N2G and Alpha respectfully request that this Court issue an order:

(1)    Awarding Counter-Plaintiffs judgment on Counts I, II, III, IV, V and VI of this Counterclaim;

(2)    Awarding Counter-Plaintiffs all damages available for Innovation Ventures' tortious interference with Counter-Plaintiffs' contractual relations, in an amount in excess of $75,000, exclusive of costs and interest, as proved at trial;

(3)    Awarding Counter-Plaintiffs all damages available for Innovation Ventures' tortious interference with Counter-Plaintiffs' business relationships and expectancies, in an amount in excess of $75,000, exclusive of costs and interest, as proved at trial;

(4)    Awarding Counter-Plaintiffs all damages available for Innovation Ventures' violation of the Michigan Consumer Protection Act, in an amount in excess of $75,000, exclusive of costs and interest, as proved at trial;

(5)     Awarding Counter-Plaintiffs all damages available for Innovation Ventures' violation of 15 U.S.C. § 1120 (Section 38 of the Lanham Act) in an amount as proven at trial;

(6)     Awarding Counter-Plaintiffs their reasonable attorneys' fees, as provided for in the Michigan Consumer Protection Act;

(7)     Awarding Counter-Plaintiffs their reasonable attorney's fees under 15 U.S.C. § 1117 on the basis that Innovation Ventures' violation of 15 U.S.C. § 1120 renders this case exceptional and justifies such an award.

(8)     Declaring the rights and legal relations of Counter-Plaintiffs as to the controversy set forth herein, namely, Defendants'/Counter-Plaintiff's lawful right to use their PURE ENERGY trade dress in connection with the distribution, advertising, sale, and offering for sale of their PURE ENERGY product;

(9)     Awarding Counter-Plaintiffs' its attorney fees and costs expended in connection with this counterclaim;

(10)     Ordering the cancellation of federal trademark Reg. No. 3,003,077; and,

(11)     Awarding Counter-Plaintiffs such other and further relief as the Court deems just and appropriate.


## JURY DEMAND

Defendants demand a trial by jury of all issues in this case triable to a jury.

VANDEVEER GARZIA, PC

BY:    s/James K. Thome
         James K. Thome
         Attorneys for Defendants and
         Counter-Plaintiffs
         1450 West Long Lake Road
         Suite 100
         Troy, Michigan  48098
         (248) 312-2800
         jthome@vgpclaw.com
         P25629

September 29, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2009, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system which will send notification of

such filing to the following:

 Mark A. Cantor
Thomas W. Cunningham
Brian C. Doughty
Marc Lorelli
John E. McSorley
Michael A. Schwartz

and I hereby certify that I have mailed by United States Postal Service the paper to the

following non-ECF participants:

None.

                                        s/ James K. Thome
                                        Vandeveer Garzia, PC
                                        Attorneys for Defendant
                                        1450 West Long Lake Road
                                        Suite 100
                                        Troy, Michigan  48098
                                        (248) 312-2800
                                        P25629

September 29, 2009