UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,
d/b/a LIVING ESSENTIALS,

        Plaintiff,                     Civil Action No.
                                                  08-CV-10983

vs.

                                                  PAUL D. BORMAN
N2G DISTRIBUTING, INC., et al.,        UNITED STATES DISTRICT JUDGE

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE (Dkt. No. 251)

This matter is before the Court on Innovation Ventures, LLC ("Plainitff") motion in limine, filed on September 9, 2011. (Dkt. No. 251.) N2G Distributing, Inc., and Alpha Performance Labs ("Defendants") responded on September 22, 2011. (Dkt. No. 261.) Plaintiff filed a Reply on September 30, 2011. (Dkt. No. 272.)

Plaintiff seeks to exclude from trial evidence offered by Defendants regarding damages. Specifically, Plaintiff argues that the following evidence of Defendants' damages is inadmissible: (1) testimony of N2G Distributing Inc.'s President, Jeffrey Diehl; (2) a letter to a customer written by Diehl dated March 18, 2008 (Defs.' Resp., Ex. C); (3) an article titled "Energy shot dispute confuses retailers" published by BevNET.com (Defs.' Resp., Ex. F); (4) a Preliminary Injunction Order issued by Chief Judge Rosen in *Innovation Ventures, LLC v. Body Dynamics, Inc.*, No. 08-12711 (ECF 87, filed Mar. 30, 2009) (Defs.' Resp., Ex. G); and (5) an e-mail sent by Plaintiff to 7-

1

Eleven (Defs.' Resp., Ex. H).

The arguments having been fully briefed, the Court will **GRANT** in part and **DENY** in part Plaintiff's motion without oral argument, as follows:

(1) The Court will **DENY** Plaintiff's Motion regarding the admissibility of Diehl's testimony;

(2) The Court will **DENY** Plaintiff's Motion regarding the admissibility of the March 18, 2008 letter;

(3) The Court will **GRANT** Plaintiff's Motion regarding exclusion of the BevNET.Com article;

(4) The Court will **GRANT** Plaintiff's Motion regarding the Preliminary Injunction Order;

(5) The Court will **DENY** Plaintiff's motion regarding the 7-Eleven e-mail.

**SO ORDERED.**

Dated: 10-19-11
Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE