UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,
d/b/a LIVING ESSENTIALS,

        Plaintiff,                   Civil Action No.
                                                 08-CV-10983

vs.

                                               PAUL D. BORMAN
N2G DISTRIBUTING, INC., and       UNITED STATES DISTRICT JUDGE
ALPHA PERFORMANCE LABS,

        Defendants.
_____/

**REVISED OPINION AND ORDER**
**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TREBLE DAMAGES AND ATTORNEYS' FEES (Dkt. No. 327);**
**(2) DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST (Dkt. No. 328);**
**(3) GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION (Dkt. No. 329);**
**(4) GRANTING PLAINTIFF'S MOTION TO REGISTER THE COURT'S JUDGMENT WITH THE U.S. DISTRICT COURTS OF NEVADA AND CALIFORNIA (Dkt. No. 341);**
**(5) DENYING DEFENDANTS' MOTION TO SET ASIDE PRIOR JUDGMENT AND FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT/NO FALSE ADVERTISING (Dkt. No. 342); and**
**(6) DENYING DEFENDANTS' MOTION TO STRIKE OR VACATE ABSTRACT OF JUDGMENT/ORDER (Dkt. No. 348)**

       This matter is before the Court on the following motions: (1) Plaintiff's Motion for Treble Damages and Attorneys' Fees, filed on December 16, 2011 (Dkt. No. 327); (2) Plaintiff's Motion for Prejudgment Interest, filed December 16, 2011 (Dkt. No. 328); (3) Plaintiff's Motion for Permanent Injunction, filed December 16, 2011 (Dkt. No. 329); (4) Plaintiff's Motion to Amend the Court's Judgment and to Register the Court's Judgment with the U.S. District Courts of Nevada and

1

California, filed February 3, 2012 (Dkt. No. 341); (5) Defendants' Motion to Set Aside Prior Judgment and for Entry of Judgment of Non-Infringement and Judgment of No False Advertising Pursuant to Jury Verdict, filed February 9, 2012 (Dkt. No. 342); and Defendants' Motion to Strike or Vacate Abstract of Judgment/Order, filed March 22, 2012 (Dkt. No. 348). The motions have been fully briefed and are ready for decision. For the reasons stated below, the Court will:

(1) GRANT in part and DENY in part Plaintiff's Motion for Treble Damages and Attorneys' Fees;

(2) DENY Plaintiff's Motion for Prejudgment Interest;

(3) GRANT Plaintiff's Motion for Permanent Injunction;

(4) GRANT Plaintiff's Motion to Amend the Court's Judgment and to Register the Court's Judgment with the U.S. District Courts of Nevada and California;

(5) DENY Defendants' Motion to Set Aside Prior Judgment and for Entry of Judgment of Non-Infringement and Judgment of No False Advertising Pursuant to Jury Verdict; and

(6) DENY Defendants' Motion to Strike or Vacate Abstract of Judgment/Order.

## I. BACKGROUND

The facts of this case have been adequately summarized in the Court's previous orders. The following procedural facts are relevant to the instant motions.

Plaintiff filed the initial Complaint in this matter on March 7, 2008, alleging that Defendants' 6 Hour Energy Shot product infringed on Plaintiff's 5-Hour Energy trademark and trade dress. (Dkt. No. 1.) On April 9, 2008, the Court granted Plaintiff's motion for a preliminary injunction and recall order, and ordered Defendants to cease manufacturing, distributing, marketing and selling its 6 Hour Energy Shot product, as well as any other products that used packaging confusingly similar to the

5-Hour Energy trade dress. (Dkt. Nos. 26 and 28.) Plaintiff subsequently amended its Complaint on May 7, 2008 (Dkt. No. 33), August 1, 2008 (Dkt. No. 40), December 12, 2008 (Dkt. No. 62), and July 10, 2009 (Dkt. No. 102). Plaintiff asserted that after the Court's preliminary injunction order, Defendants ceased manufacturing the 6 Hour Energy Shot product, but began manufacturing and distributing other infringing products. (Fourth Am. Compl. ¶¶ 25, 26.)

In the Joint Final Pretrial Order, filed on April 26, 2011, Plaintiff asserted trademark infringement claims against Defendants' 6 Hour Energy Shot, 7 Hour Energy, 7+ Hours Energy, and 14 Hour Energy products. (Dkt. No. 247.) Plaintiff asserted trade dress infringement against Defendants' 6 Hour Energy Shot and Pure Energy products. Plaintiff also asserted false advertising claims against Defendants' 7 Hour Energy, 7+ Hours Energy, and 14 Hour Energy products.

Following the seven-day trial, the jury returned a verdict on November 18, 2011, finding as follows:

- that there was a likelihood of confusion between Plaintiff's 5-Hour Energy trademark and Defendants' 6 Hour Energy Shot, Nitro2Go Pure Energy, Nitro2Go Instant Energy, Nitro2Go Instant Energy Extra Strength, Firepower Extreme, and Nitro2Go Mega Shot products;

- that there was a likelihood of confusion between Plaintiff's 5-Hour Energy trade dress and Defendants' 6 Hour Energy Shot, Pure Energy, and Nitro2Go Pure Energy products;

- that Defendants' infringement was intentional with regard to only the following products: (1) 6 Hour Energy Shot, (2) Pure Energy, (3) Nitro2Go Pure Energy, (4) Nitro2Go Instant Energy, and (5) Firepower Extreme;

- that Defendants falsely described the characteristics of its Nitro2Go Instant Energy and

3

Firepower Extreme products; and

• that Defendants' infringement accounted for $1,750,000 of Defendants' profits.

(Jury Verdict Form, Dkt. No. 310.)

## II. ANALYSIS

### A. Plaintiff's Motion for Treble Damages and Attorneys' Fees

Plaintiff seeks costs, attorneys' fees, and treble damages pursuant to 15 U.S.C. § 1117(a) and (b), which provide as follows:

> (a) Profits; damages and costs; attorney fees
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.  The court shall assess such profits and damages or cause the same to be assessed under its direction. . . .  If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  Such sum in either of the above circumstances shall constitute compensation and not a penalty.  The court in exceptional cases may award reasonable attorney fees to the prevailing party.
>
> (b) Treble damages for use of counterfeit mark
> In assessing damages under subsection (a) . . ., the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of
> (1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark . . ., in connection with the sale, offering for sale, or distribution of goods or services . . . .

"Section 1117(a) grants a district court a great deal of discretion in fashioning an appropriate

remedy in cases of trademark infringement." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1191 (6th Cir. 1997). However, the Court may not impose damages that constitute a "penalty." "An enhancement of damages may be based on a finding of willful infringement, but cannot be punitive." *Taco Cabana Intern. Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991), *aff'd*, 505 U.S. 763 (1992). A sum that is "greatly disproportionate" to the plaintiff's actual loss constitutes a penalty. *La Quinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 343 (6th Cir. 2010).

> In determining an appropriate award of damages under § 1117(a), courts have considered:
>> a wide range of factors including, inter alia, the defendant's intent to deceive, whether sales were diverted, the adequacy of other remedies, any unreasonable delay by the plaintiff in asserting its rights, the public interest in making the misconduct unprofitable, and "palming off," i.e., whether the defendant used its infringement of the plaintiff's mark to sell its own products to the public through misrepresentation.

*Id.* (citing *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 174-76 (4th Cir. 2006)).

*1. Attorneys Fees*

As noted *supra*, § 1117(a) provides that the prevailing party may receive reasonable attorney fees in exceptional cases. Generally, a case is not "exceptional" unless the infringement was "malicious, willful, fraudulent, or deliberate." *U.S. Structures, Inc.*, 130 F.3d at 1192. "It does not, however, follow that a case will always be 'exceptional' for purposes of awarding attorney fees where the relevant conduct is found to be willful, fraudulent, and deliberate." *Id.*

Plaintiff argues that this is an exceptional case because the jury made explicit findings that the 6 Hour Energy Shot, 7 Hour Energy, 7+ Hours of Energy, and Pure Energy products intentionally infringed Plaintiff's trademark and trade dress. (Jury Verdict Form 3.) Nevertheless,

intentional conduct by itself does not necessarily require a finding of "exceptional." *See U.S. Structures, Inc.*, 130 F.3d at 1192.

Defendants argue that this is not an exceptional case because Plaintiff has not suffered any harm or loss of sales due to Defendants' infringement. *See Hindu Incense v. Meadows*, 692 F.2d 1048 (6th Cir. 1982). In *Hindu Incense*, the Sixth Circuit affirmed the district court's decision not to grant attorney fees under § 1117(a), and reasoned as follows:

> The district court found that the adoption of the mark of appellee was not fraudulent, albeit not wholly innocent. The record and Judge Boyle's opinion indicate that the appellants were under the belief, although mistaken, that appellee had ceased use of the "Genie" trademark. Moreover, we find it important to note that Hindu admitted that there has been no loss of sales due to the infringement. Such a finding generally makes the case unexceptional for purposes of awarding fees under § 1117.

*Id*. at 1052.

The instant case, however, differs from *Hindu Incense* in that Defendants' adoption of the 6 Hour Energy trademark and trade dress was not wholly innocent, as reflected in the jury's finding that Defendants intentionally infringed.

In granting Plaintiff's initial Motion for Preliminary Injunction and ordering Defendants' to recall the 6 Hour Energy Shot product, the Court noted as follows:

> At this preliminary stage in the case, the Court determines that Plaintiff has presented compelling evidence of intentional copying. Defendants' packaging contains the exact same color scheme, the same black-type italicized font for the logo, and the depiction of a silhouetted athletic figure ascending a silhouetted mountain. Defendants even copied word-for-word Plaintiff's "caution" warnings.

(Op. and Order Granting Pl.'s Mot. for Preliminary Injunction at 11 (Dkt. No. 28).) This Court has also held that, "viewing the marks at issue in conjunction with their trade dress, the evidence of

intentional copying is so clear in this particular case that Plaintiff's mark should be afforded secondary meaning." (Order Granting Pl.'s Mot. Summ. J. at 9 (Dkt. No. 245).)

Therefore, as noted in the Court's previous Opinions and Orders in this matter, the Court finds that Defendants' infringement was sufficiently malicious, willful, fraudulent, or deliberate, to constitute an exceptional case meriting an award of attorneys fees to Plaintiff. Plaintiff's counsel is directed to submit invoices of the claimed fees incurred in connection with this litigation for the Court's inspection.

*2. Treble Damages*

The jury in this matter awarded Plaintiff actual damages of $1,750,000. Plaintiff now seeks an additional award of three times its actual damages, for a total award of $7,000,000. Alternatively, Plaintiff seeks to have the damages increased to reflect Defendants' profits, which Plaintiff claims to be $4,412, 023. Plaintiff asserts that an increase in damages is necessary to deter Defendants from engaging in willful infringement in the future.

The Court notes that Plaintiff did not present any evidence at trial showing that it had lost profits due to Defendants' infringement. Indeed, it is undisputed that Plaintiff's profits increased greatly over the course of Defendants' infringement. As a general rule, where "the sum exacted is greatly disproportionate to the actual loss," a monetary award "constitutes a penalty rather than damages." *La Quinta Corp.*, 603 F.3d at 343. Accordingly, because Plaintiff has not suffered any loss of business, and is the undisputed market leader in the energy shot industry, the Court finds that the jury's award of $1,750,000, along with Plaintiff's costs and attorneys' fees, constitutes a just and appropriate remedy for Defendants' intentional infringement under § 1117(a) and (b). Plaintiff's request for treble damages is thus denied.

**B. Plaintiff's Motion for Prejudgment Interest**

"Although Section 1117(a) does not provide for prejudgment interest, such an award is within the discretion of the trial court and is normally reserved for 'exceptional' cases." *Wynn Oil Co. v. Amer. Way Service Corp.*, 61 F.3d 904, *3 (6th Cir. 1995) (unpublished table decision).

Plaintiff argues that the Court has already awarded prejudgment interest, relying on the Judgment entered on November 18, 2011, which states "IT IS ORDERED that Plaintiff(s) recover of Defendant(s) the amount of $1,750,000.00 with interest at the rate provided by law." (Judgment, Dkt. No. 312.) However, this perfunctory, standard-form document, entered as a clerical matter on the same day the jury had rendered its verdict, does not include a finding that this case is "exceptional," or any discussion of § 1117(a). It is therefore not controlling on the issue of prejudgment interest.

As noted *supra*, the Court finds that the jury's award, along with costs and attorneys' fees, is a just and appropriate recovery in this case. In so finding, the Court notes that Plaintiff has not alleged any lost opportunity costs or lost revenues. There is no dispute that, even in the locations where Defendants marketed their infringing products, Plaintiff's 5-Hour Energy product was at the time, and remains today, the leading energy shot brand. Accordingly, the Court will decline Plaintiff's Motion for Prejudgment Interest. *See Wynn Oil Co.*, 61 F.3d 904 at *3 (noting that awarding prejudgment interest is "inappropriate where [the] jury awards a verdict that 'already compensates the plaintiff for the lost time value of money . . . .'" (quoting *Gorenstein Enter. Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 439 (7th Cir. 1989) (Ripple, J., Concurring))).

**C. Plaintiff's Motion for Permanent Injunction**

"A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable

injury, there is no adequate remedy at law, 'that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted,' and that it is in the public's interest to issue the injunction." *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

Plaintiff has demonstrated that it will suffer irreparable harm absent a permanent injunction. *See DaimlerChrysler v. The Net Inc.*, 388 F.3d 201, 208 (6th Cir. 2004) (noting that "irreparable harm is presumed from defendants' infringement of plaintiff's mark[.]"). Plaintiff has also received a letter dated December 5, 2011, from Mr. Diehl, which suggests that Defendant N2G will file for bankruptcy, and that Mr. Diehl will continue selling the same energy shots through a different company. (Pl.'s Reply in Support of Mot. for Perm. Injunction Ex. C, Diehl Letter.) There is no adequate remedy at law, and Plaintiff would be irreparably harmed, if consumers purchased Defendants' confusingly similar products instead of Plaintiff's 5 Hour Energy product. *Audi AG*, 469 F.3d at 550.

The Court also finds that the balance of interests weighs in Plaintiff's favor. Plaintiff faces hardship from the loss of sales caused by Defendants' infringing behavior, while Defendants face no hardship in refraining from willful infringement, as required by law. *Id*. The public also has an interest in preventing consumers from being misled. *Id*. Accordingly, Plaintiff's Motion for Permanent Injunction is granted.

The Court notes that Plaintiff's proposed Permanent Injunction Order (Dkt. No. 330) would enjoin "Defendants, . . . and those in active concert or participation with them, including, but not limited to any entities owned or operated by Jeffrey Diehl . . . ." (Proposed Permanent Injunction 3-4.) The Defendants in this matter are N2G Distributing, Inc., and Alpha Performance Labs.

Plaintiff did not name Defendant N2G's president, Jeffrey Diehl, as a defendant, nor did Plaintiff seek to pierce the corporate veil of Defendant N2G and hold Diehl personally liable in this matter. The Court has authority to grant "an injunction that is somewhat broader than the scope of [Plaintiff's trademark] claim in order to protect the reputation and goodwill [Plaintiff] has established in its marks and to prevent defendants from infringing on, or otherwise harming, those marks." *DaimlerChrysler*, 388 F.3d at 208. However, the Court cannot enjoin an individual or entity who was not formally served with process under the Federal Rules of Civil Procedure, and who was therefore not formally a party in this matter. The Court's permanent injunction will therefore be limited to the instant Defendants.

**D. Plaintiff's Motion for an Order to Amend the Court's Judgment and to Register the Court's Judgment with the United States District Courts of Nevada and California**

Plaintiff argues that, because Defendants have no substantial assets in the Eastern District of Michigan, the Court should register its judgment in Nevada, where Defendant Alpha Performance Labs is incorporated, and California, where Defendant N2G is incorporated.

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.

Plaintiff has alleged that to its knowledge, "Defendants do not have any assets in the Eastern District of Michigan." (Pl.'s Br. 1.) Defendants' Response does not dispute this. Defendants assets are in Nevada or California. Accordingly, the Court finds that Plaintiff has met its burden of showing that good cause exists to register the Court's judgment in another district. The

10

Commentary on the 1988 Revision to 28 U.S.C. § 1963, by David D. Siegel, states that "[t]he statute now explicitly permits the registration during the appeal period, as long as it is done by court order." 28 U.S.C. § 1963, Cmt. on 1988 Revision at 62.

Plaintiff also requests that the Court enter an amended judgment stating that both Defendants are jointly and severally responsible for satisfaction of the judgment. The Court notes that the Corrected Judgment, entered on December 29, 2011 (Dkt. No. 339), names both N2G and Alpha Performance Labs separately as Defendants, and states "that Plaintiff(s) recover of Defendant(s) the amount of $1,750,000.00 . . . ." The Court finds that this language sufficiently implies that Defendants are jointly and severally liable for the judgment in this matter, and therefore denies Plaintiff's request for a further amended judgment.

## E. Defendants' Motion to Set Aside Prior Judgment and for Entry of Judgment of Non-Infringement and Judgment of No False Advertising Pursuant to Jury Verdict

Federal Rule of Civil Procedure 54(b) states, in part:

> . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In addition, Federal Rule of Civil Procedure 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Rule 58(a) states that "[e]very judgment and amended judgment must be set out in a separate document . . . ."

Defendants argue that, pursuant to these Rules, the Court should set aside its prior judgment and enter two additional judgments providing (1) that Defendants' Nitro2Go Instant Energy Extra Strength product does not infringe Plaintiff's 5-Hour Energy trademark, and (2) that the names and phrases on Defendants' Nitro2Go Pure Energy, Nitro2Go Instant Energy, Nitro2Go Instant Energy

11

Extra Strength, and Nitro2Go Mega Shot products, do not falsely describe those products.

The Court will enter a revised judgment incorporating Plaintiff's attorney fee award, discussed *supra*. However, the Court will not specify in its revised judgment which of Defendants' products did or did not infringe on Plaintiff's trademark and trade dress. In so holding, the Court notes that the Jury Verdict Form in this case has been docketed (Dkt. No. 310), and that the jury's decision regarding infringement/non-infringement is contained therein. Defendants' Motion is thus denied.

### F. Defendants' Motion to Strike or Vacate Abstract of Judgment/Order

On March 2, 2012, Plaintiff requested, and the Clerk filed, an Abstract of the judgment issued in this matter. (Dkt. No. 347.) Defendants argue that the Court should strike the Abstract as an improper attempt to circumvent 28 U.S.C. § 1963.

Federal Rule of Civil Procedure 69(a)(2) provides that, to aid with collecting under a judgment, a judgment creditor may obtain discovery from any person "as provided in these rules or by the procedure of the state where the court is located . . . ." Plaintiff asserts that it is attempting to obtain post-judgment discovery in California, which requires an abstract of a judgment for an out-of-state judgment creditor to conduct a debtor examination. Cal. Civ. Proc. Code § 708.160(d)(1).

Plaintiff is entitled to post-judgment discovery "from any person – including the judgement debtor[.]" Fed. R. Civ. P. 69(a)(2). To conduct this discovery in California, Plaintiff was required to provide an abstract of the judgment in this matter. Accordingly, the Court will deny Defendants' Motion to Strike or Vacate Abstract of Judgment/Order.

### III. CONCLUSION

For the reasons stated above, the Court will:

(1) **GRANT** in part and **DENY** in part Plaintiff's Motion for Treble Damages and Attorneys' Fees;

(2) **DENY** Plaintiff's Motion for Prejudgment Interest;

(3) **GRANT** Plaintiff's Motion for Permanent Injunction;

(4) **GRANT** Plaintiff's Motion to Amend the Court's Judgment and to Register the Court's Judgment with the U.S. District Court's of Nevada and California;

(5) **DENY** Defendants' Motion to Set Aside Prior Judgment and for Entry of Judgment of Non-Infringement and Judgment of No False Advertising Pursuant to Jury Verdict; and

(6) **DENY** Defendants' Motion to Strike or Vacate Abstract of Judgment/Order.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 27, 2012.

S/Denise Goodine
Case Manager