UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INNOVATION VENTURES, LLC, <br> d/b/a/ LIVING ESSENTIALS, <br> a Michigan limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> N2G DISTRIBUTING, INC., <br> a California corporation, and <br> ALPHA PERFORMANCE LABS, <br> a Nevada corporation, <br><br> Defendants. <br>_____/ | Case No. 08-10983 <br><br> Paul D. Borman <br> United States District Judge <br><br> Michael Hluchaniuk <br> United States Magistrate Judge |

**REPORT AND RECOMMENDATION
PLAINTIFF'S MOTION FOR DETERMINATION OF
THE AMOUNT OF ATTORNEY FEES TO BE AWARDED (Dkt. 363)**

A.  Procedural History

Following a significant jury verdict ($1,750,000.00) in plaintiff's favor, Judge Borman entered an order on April 27, 2012, determining that this was an "exceptional case" involving trademark and trade dress infringement and that plaintiff was entitled to an award of attorney fees pursuant to 15 U.S.C. § 1117(a). (Dkt. 355, Pg ID 8919). Plaintiff thereafter filed a motion claiming attorney fees in

1

the amount of $1,224,827.57 and costs in the amount of $629,957.97. (Dkt. 393, Pg ID 8966). Defendants objected to the motion arguing that this was not an "exceptional case," that plaintiff did not prevail on all of its claims, that certain charges were not reasonable or necessary, and that recoverable costs were limited to those provided for in 28 U.S.C. § 1920. (Dkt. 366). The motion was referred to the undersigned by Judge Borman on May 30, 2012. (Dkt. 365). A hearing was held on the motion on February 13, 2013.

An interim order as to the motion for attorney fees was entered on March 11, 2013. (Dkt. 388). The order pointed out that Judge Borman had already found that this was an "exceptional case" and therefore an award of attorney fees was proper. The order also determined that certain categories of plaintiff's claim for attorney fees were inappropriate including: (1) non-Lanham Act or unsuccessful claims that were not "intertwined" with successful Lanham Act claims; (2) claims for services provided on discovery motions; (3) claims for services involving attendance at a deposition by more than one attorney; and (4) claims involving services performed on appeal. (Dkt. 388, Pg ID 10203-04). The order further determined that no costs other than those taxable under 28 U.S.C. § 1920, which had already been taxed, could be awarded to plaintiff and therefore the current request for costs was entirely inappropriate. *Id*. Plaintiff was directed to supplement its motion to identify the categories of services deemed inappropriate in the interim order

2

because, given the nature of the billing records, such an identification could not reasonably be made by the undersigned. Defendants were given the opportunity to respond to plaintiff's supplemental motion. *Id*.

Plaintiff filed its supplemental brief on April 1, 2013. (Dkt. 389). Defendants' response was filed on April 15, 2013. (Dkt. 396). Plaintiff filed a reply on April 17, 2013. (#398).

## B.  Analysis And Conclusions

Plaintiff's supplemental brief modifies its request for attorney fees by reducing the amount sought to $1,182,574.47. Attached to plaintiff's supplemental brief is a declaration of Brian Doughty and a summary of the monthly billing statements from plaintiff's counsel beginning in March of 2008 and continuing until February of 2013. (Dkt. 390, Pg ID 10216-20). Plaintiff has updated its request for attorney fees to include fees that have been incurred since the time the original motion was filed. The initial motion included billing records up to March of 2012 and the supplemental brief updates the request to include periods up to February of 2013. The total amount of fees incurred, as reflected in the summary[1],

---

[1] The summary did not include a total for this list of fees but a calculation was performed by the undersigned and the total amount is as indicated in the report.

through February of 2013, is $1,403,298.38.[2] Of that amount, plaintiff is claiming that $1,182, 574.47 represents the amount of those fees after deducting those areas deemed inappropriate in the interim order. This figure represents approximately 84% of the total fees billed to "the client."

Defendants object to plaintiff's supplemental request claiming: (1) this is not an "exceptional case" under 15 U.S.C. § 117(a); (2) that inappropriate "costs" are still included in the request; (3) that certain claims are excessive and unjust; and (4) that there is insufficient detail in the invoices to determine exactly what plaintiff has based its request on. Defendants assert that the supplemental request includes $515,707.02 in "costs" beyond those already taxed, and that $21,605.50 in fees have insufficient detail such that it is not possible to determine whether these fees were properly incurred and therefore should be disallowed. Alternatively, defendants claim that $10,402.02 of the $21,605.50 is an estimate of the portion of the fees that should not be allowed and, at a minimum, the supplemental request should be reduced by that amount.[3]

---

[2]The Brian Doughty declaration states that the "total paid by the client" through February, 2013, is $1,854,785.54. The undersigned assumes that this "total" includes costs that were billed to the client, in addition to attorney fees, based on the summary total which appears to just include attorney fees.

[3]Defendants' methodology for estimating the improper portion of the fee appears to be based on the theory that if, for example, three separate services were lumped together in the invoice and one of those services was improper then only two thirds of the invoice amount should be allowed.

Plaintiff filed a reply to defendants' response. Plaintiff confirms that its latest request for attorney fees does not include any "costs," but plaintiff does not address defendants' argument regarding lack of specificity in its invoices. (Dkt. 398, Pg ID 10572). Plaintiff does state that if the costs had been included in the request it would have been over $1.8 million. *Id.*

Defendants' renewed argument that plaintiff should not be entitled to an award of attorney fees because this is not an "exceptional case" was, as noted earlier, already decided by Judge Borman and will not be reconsidered in this context. Defendants' argument that the current request includes "costs" is denied by plaintiff and a comparison of the invoices to the summary submitted by plaintiff demonstrates that the amounts associated with each month in question do not include the "disbursements," or costs, that appear on the invoices. The current request by plaintiff seeks only attorney fees. Defendants' objections based on the fee request being excessive or unjust is not supported by specific claims and these issues, for the most part, were addressed by the undersigned's interim order that designated certain categories of fees as being inappropriate. Plaintiff has responded to that interim order by "deducting" those inappropriate categories from the initial fee request and defendants have not specifically identified areas where that was not done.

The one area of concern to the undersigned is plaintiff's failure to provide

5

sufficient detail regarding the invoices to allow for a proper determination as to the reasonableness of the charges. While the undersigned accepts, generally, plaintiff's declaration that the improper charges were deducted, it is not clear how that was accomplished. As defendants have pointed out, there are instances in which multiple services are lumped together in the invoice, and in such instances plaintiff has not explained how the services for an inappropriate category of services were distinguished from an appropriate category when nothing on the face of the invoice would appear to explain that.

One alternative would be to require plaintiff to further identify how the fees for a group of different services that were lumped together were allocated between those services. Such an alternative would prolong this aspect of the litigation and a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Another alternative is to simply reduce the amount of the award. "Where the documentation is inadequate, the district court may reduce the award accordingly." *Imwalle v. Reliance Medical Products*, 515 F.3d 531, 553 (6th Cir. 2008). Inadequate documentation includes circumstances "where billing records 'lumped' together time entries under one total so that it was 'impossible to determine the amount of time spent on each task.'" *Id*.

The undersigned believes that a modest reduction in the amount of the award is warranted in this situation. A reduction of the award in the amount of five

percent adequately addresses the insufficiency of the documentation but still results in a "reasonable" award of attorney fees. Therefore, based on the above, the undersigned recommends that the award of attorney fees in this matter should be $1,123,445.75, which is 95% of the requested fee award of $1,182,574.47.

In that the bankruptcy stay is no longer applicable to either defendant, the amount of the attorney fee award should be against N2G Distributing, Inc. and Alpha Performance Labs, jointly and severally.

### C. Recommendation

For the reasons set forth above, on plaintiff's motion for determination of the amount of attorney fees to be awarded, the undersigned **RECOMMENDS** that plaintiff should be awarded an attorney fee in the amount of $1,123,445.75 against defendants N2G Distributing, Inc. and Alpha Performance Labs, jointly and severally.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 16, 2013

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge


## **CERTIFICATE OF SERVICE**

      I certify that on May 16, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, Peter M. Falkenstein, Marc Lorelli, Troy M. Nienberg, Michael A. Schwartz, Melissa M. Slotta and James K. Thome</u>.

                                                <u>s/Tammy Hallwood</u>
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov